Smith *et al. v.* The State, *ex rel.* Ingerman.

Filed Jan. 30, 1889.

———◆———

No. 13,288.

SMITH ET AL. *v.* THE STATE, EX REL. INGERMAN.

DRAINAGE.—*Action on Commissioner's Bond.— Repeal of Statute.— Saving Clause.*—The saving clause in the repealing act of 1885 applies to an action on the bond of a drainage commissioner appointed under the act of 1881, for a breach of duty in the construction of a drain under the latter act, where it does not appear that prior to the commencement of the action the proceedings for the establishment of the drain had terminated. But without the saving clause, an action would lie for waste or conversion of the funds by the commissioner.

SAME.—*Deviation from Survey and Specifications.—Liability.*—A drainage commissioner has no right, of his own motion, to deviate from the plans and specifications according to which the work is ordered by the court to be constructed, and if he does so, he is liable on his bond for any damages that may result.

SAME.—*Measure of Damages.*—In an action brought on the bond of a com-

missioner for a failure on his part to construct a drain as ordered by the court, the measure of damages is the amount necessary to complete the work in the manner ordered.

SAME.—*Paying for Defective Work.*—*Negligence.*—If a drainage commissioner negligently pays out the money in his hands to insolvent contractors for defective work, without first requiring them to remedy the defects and construct the drain as ordered by the court, he is liable.

SAME.—*Ditchers.*—*General Reputation for Skill.*—*Evidence.*—In such case, evidence of the general reputation of the persons employed to dig the drain in controversy, for skill and diligence in the business of constructing drains, would not tend to prove that the particular drain was properly constructed, or any other material fact, and its exclusion is not error.

NEW TRIAL.—*Excessive Damages.*—*Practice.*—An assignment as a cause for a new trial that the damages are excessive, applies only to actions for tort, and is not applicable to actions on contract.

INSTRUCTIONS TO JURY.—*Modification.*—The trial court, before giving an instruction asked by a party, may modify it so as to make it apply properly to the evidence.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

COFFEY, J.—This was a suit in the Hamilton Circuit Court by the appellee against the appellants upon the following bond:

"We, Samuel B. Wells, J. L. Benson, S. M. Smith, A. F. Brown and F. A. Hawkins, are held and firmly bound unto the State of Indiana in the penal sum of five thousand dollars, to be levied of our good and chattels, lands and tenements, if default be made of the following conditions, to wit:

"Whereas, by an act of the Legislature of the State of Indiana, entitled 'An act concerning drainage,' approved April 8th, 1881, it is provided that the circuit court of each county shall appoint two persons commissioners of drainage, and whereas the above named Samuel B. Wells has been appointed one of the commissioners for the county of Hamilton, State of Indiana; now, if the above bound Samuel B. Wells shall faithfully discharge his duties as such commissioner, and shall give an account according to law for all moneys

that shall come to his hands as such commissioner, then the above obligation shall be void, else to be and remain in full force and virtue in law."

It appears by the record in this cause that certain of the citizens of Hamilton county petitioned for the construction of a drain, and that such proceedings were had thereon as resulted in an order by the circuit court of that county directing that said drain be constructed according to the survey, plans and specifications set forth in the report of the commissioners of drainage then on file in said court.

The defendant Wells, who was one of said commissioners, was appointed by the court to collect the assessments necessary to defray the expenses and to superintend the work. He entered upon the discharge of his duty, collected the assessments, amounting to $1,500, and continued in office until ————, 1886, when he resigned, and the relator herein, who was the other drainage commissioner of the county, was appointed by the court as his sucessor in said work, and was ordered to proceed with the same to completion, and was also authorized by the court to bring this action.

It is alleged in the complaint, as breaches of the bond above set forth, that the defendant Wells wholly failed to have said drain constructed according to the survey and orders of the court, but caused and suffered said work to be done carelessly, unskilfully and imperfectly; that the same is wholly useless—that is to say, he let the contract for cutting said drain, laying the tile and filling the ditch to incompetent, unskilful and irresponsible persons, then and still wholly insolvent, knowing them to be such, and that he wholly failed to take any security or bond whatever for the faithful performance of said work, and carelessly suffered said contractors to cut said drain and lay said tiling, and cover the same deeply with earth, without first having the said drain cut according to said survey, and without giving the ditch a uniform fall, so as to allow the water to flow freely through said tiling; that the same was cut out to irregular depths, varying

from the proper level in different places along the route of said drain, where the greatest depth was required, more than one foot, and lacking one foot of the depth of six feet at the head of said ditch as required by said survey and order; that the water does not flow freely through said tiling, and will not flow at all only as it is forced through by head-water; that said drain does not carry off the water to a sufficient depth below the surface of the ground in the swamp it was intended to drain to fit the same for cultivation, or to furnish an outlet for side drains; that said ditch is wholly useless for the purposes for which it was intended, but had it been constructed according to said survey it would have furnished sufficient outlet for the drainage of said swamp, reclaimed the same and rendered the soil thereof productive and of great value; that said Wells wrongfully and negligently paid over to said contractors large sums of money, to wit, one thousand dollars and the entire price for the work done by them, negligently having failed to exercise any supervision over the same, or to make any inspection thereof; and negligently failed to remedy said defects, or to require said contractors so to do, when by the exercise of reasonable care, and by proper inspection as the work progressed, and at the time said contractors professed to have completed the same, he might have discovered and remedied said defects; that had he exercised proper care, and made said inspection before said drain was filled with earth, the said defects could have been discovered, and, at a nominal cost, remedied, but that in its present condition said drain will have to be re-opened, the tiling removed and the bottom of said channel cut to its proper level, according to said survey and order, to make the same effective to drain said land, which will cost one thousand dollars; that said Wells paid out all the remainder of said assessments, except the sum of $100, which he converted to his own use, and then absconded, leaving no funds to complete said work.

The defendant Wells made default in the court below, and

the other defendants appeared and filed a demurrer to the complaint, alleging as cause:

1st. That the complaint did not state facts sufficient to constitute a cause of action against them.

2d. That said plaintiff had no legal capacity to sue.

3d. That there was a defect of parties plaintiffs, in this, that the parties affected by the alleged failure of duty on the part of the drainage commissioner should have been joined as plaintiffs.

4th. That the court had no jurisdiction of the subject-matter of this action.

The court overruled the demurrer, and the defendants excepted.

The defendants then answered the complaint by a general denial. The cause was submitted to a jury for trial, who returned a verdict for the plaintiff, assessing the damages at six hundred and ninety-four dollars.

The defendants filed a motion for a new trial, which was overruled by the court, to which they excepted, and the plaintiff had judgment on the verdict.

The appellants assign as error in this court:

1st. That the complaint does not state facts sufficient to constitute a cause of action.

2d. That the court erred in overruling the demurrer of the appellants Smith, Benson and Brown to the complaint.

3d. That the court erred in overruling the motion of the appellants for a new trial.

Under the first cause of demurrer only one objection is urged to the complaint as a cause of action, and that is, that no copy of the bond in suit is filed with or made part of the complaint. Since the filing of the brief of appellants urging this objection, a copy of the bond has been inserted in the record at the proper place, by agreement of counsel, it having been inadvertently omitted by the clerk in making the transcript. This obviates the objection urged in the brief of appellants on account of this defect.

It is contended by counsel that inasmuch as the act of 1881, under which the drain in controversy was ordered, was repealed by the act of 1885, this plaintiff has no right of action.

Section 13 of the act approved April 6, 1885, Acts of 1885, page 129, repeals the act approved April 8, 1881, and all acts amendatory thereof, but with this proviso: "*Provided, however*, That where application has been made or proceedings are pending, or works for the purpose of drainage are in course of construction under said acts, the same may be carried on and completed, and assessments therefor collected according to the provisions of said acts, and shall not be affected by this act."

It is claimed that it appears by the appellee's complaint that the work of constructing the drain in dispute was completed before the commencement of this suit, and that, therefore, this proviso does not apply to this case.

Under section 4277, R. S. 1881, it was the duty of the drainage commissioner to see that the drain was constructed as ordered.

By the provisions of section 4279 he was required to keep an accurate account of his receipts and expenditures and to take vouchers for all moneys paid out; he was required to make a full report to the court ordering the work, as often as once in every six months; he was at all times under the control and direction of the court, and was required to obey its instructions. This section also provides for suit on his bond for any breach of the same. While there is no express provision that the court shall determine when the work is completed, yet that it is required to perform this duty is fairly to be inferred. In practice, the cause remains on the court's docket until the final report of the commissioner is made and approved, and it is not to be presumed that the court would approve the final report of the commissioner and strike the case from the docket until satisfied that the work had been completed according to its order. It does not appear that

any such action was taken in the matter of this drain, while on the other hand it does appear that the recovery sought in this cause is for the purpose of raising funds with which to complete the drain.

We do not think, therefore, that it appears from the complaint that the proceedings to construct the drain in controversy had terminated before the commencement of this suit, but we do think that the fair inference is that they were still pending. Such being our conclusion, it follows that the proviso above set out applies to the case.

Furthermore, we do not think that the right of action set up in the complaint would be destroyed by the repeal of the act of 1881 even in the absence of any saving clause. If the drainage commissioner had converted all the funds that came into his hands to his own use, we do not think he could successfully defend a suit on his bond by those interested, under a plea that the act by virtue of which he received them had been repealed. The same rule would apply where he had wasted the fund. .

The motion for a new trial embraces .twenty-four reasons why, in the opinion of the appellants, a new trial should have been granted. We are not urged to reverse the judgment on account of the third, fourth and fifth reasons assigned. The first reason assigned is : " That the verdict of the jury is excessive." Second. " That the damages assessed by the jury are excessive."

Under section 559, R. S. 1881, this is the fourth reason for a new trial and is not applicable in an action on contract, like this. It applies to torts only. To raise the question here sought to be raised the assignment should have been made under the fifth statutory cause and not under the fourth. *Dix* v. *Akers*, 30 Ind. 431 ; *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548 ; *Thomas* v. *Merry*, 113 Ind. 83 ; *Clark Civil Tp.* v. *Brookshire*, 114 Ind. 437 ; *McCormick Harvesting Machine Co.* v. *Gray*, 114 Ind. 340.

The later cases here cited must be regarded as overruling the case of *Hill* v. *Newman*, 47 Ind. 187, upon this point.

The seventh reason assigned for a new trial brings in question the ruling of the court below in refusing to give to the jury instructions numbered two, four, six, seven and eight.

The cause was tried by the court below upon the theory that it was the duty of the defendant Wells, as the drainage commissioner in charge of the work, to use reasonable diligence to see that the work was done according to the survey and specifications and in accordance with the order of the court. In passing upon the report of the drainage commissioners, and in ordering the work done according to the plans and specifications therein contained, the question of that being the best and cheapest mode of constructing the drain became and was adjudicated. The drainage commissioner had no right to deviate from these specifications without first procuring from the proper authority a change of the same, and if he did so deviate, and any damages resulted therefrom, he was liable on his bond for such damages.

We think the proper measure of damages in such case would be the amount required to complete the work in the manner it had been ordered by the court. Those who pay the assessments have the right to insist upon the construction of the work as it has been established by the report of the commissioners, and by the judgment of the court. Under this theory the instructions of the court below fully covered the case.

The second and fourth instructions asked by the appellants are drafted upon the theory that the drainage commissioner had the right to deviate from the survey, specifications and order of the court, and adopt a plan of his own, provided the plan he adopted was as good as the one already adopted and adjudicated. We do not think he had such right. Furthermore, these instructions were too indefinite and were calculated to mislead the jury.

The fifth instruction asked by the appellants is as follows:

" If you believe from the evidence that said work was defective and imperfect when completed, but that such defects and imperfections could not have been avoided by the exercise of reasonable care and prudence on the part of the commissioner of drainage in the proper discharge of his duties, your verdict should be for the defendants."

This instruction is defective in ignoring the issue made by the parties that the defendant Wells carelessly and negligently paid out the money in his hands to insolvent contractors, before the work was done according to the plans, specifications and order of the court.

If the work was defective, he should not have paid out the money until the defects were remedied, though the imperfections could not have been avoided by the exercise of reasonable care on the part of the commissioner of drainage.

Such imperfections and defects, it may be, could have been avoided by the workmen, and if so, they should not have been paid until they had remedied such imperfections and defects.

We have been unable to find any evidence in the record to which the sixth instruction asked by the appellants was applicable ; and all that is material to the case in the seventh is embraced in the tenth instruction given by the court.

We also think that the modification made by the court of the eight instruction asked was proper, in order to make it apply properly to the evidence in the cause. It seems to be an undisputed fact in this case that the drain at some points was not as deep as the survey required it to be, and in that respect was not completed. The chief modification consisted in including in the instruction the unfinished work, as well as the imperfect construction of that which had been completed. In this the court did not err.

The remaining questions in the case relate to the admission and exclusion of evidence. We have examined the evidence carefully and do not think any improper evidence was admitted by the court below.

The appellants offered to prove, on the trial, by a competent witness, the general reputation of the persons employed to dig the drain in controversy, for skill and diligence in the business of constructing drains.  This evidence would not have tended, if admitted, to prove that the drain now under consideration was properly constructed, nor would it tend to prove any other material fact in the case.  We do not think the court erred in excluding it.

After a careful examination of all the questions raised by the record, we have been unable to find any error for which the judgment of the court below should be reversed.

Judgment affirmed.

