CITY OF INDIANAPOLIS *v.* BAKER.

[No. 10,126. Filed November 20, 1919. Rehearing denied January 27, 1920.]

1. MUNICIPAL CORPORATIONS.—*Negligence in Maintenance of Playground.*—*Liability.*—Though a city, in establishing a playground at a certain place equipped with a baseball diamond, exercised a

purely governmental function for which it is not liable, it is liable for misfeasance or negligence of its municipal function, which is ministerial in character, to maintain and operate the playground and its equipment. p. 326.

2. MUNICIPAL CORPORATIONS.—*Public Playgrounds.*—*Negligence in Operating.*—*Personal Injuries.*—*Liability.*—A municipal corporation which maintained a public playground, a part of which was used as a baseball diamond, was not liable for the use as a base of a stone which injured plaintiff, where the stone had not been on the diamond the day previous to the accident, and there was no evidence that the city by its servants put it there, or that its servants had any knowledge of its placing as a base, while it had not been on the grounds a sufficient length of time to justify an inference of constructive knowledge, and there was evidence that an order not to use the stone as a base had been issued by the city's playground instructors, one of whom had removed the stone about a half hour before the game. p. 327.

From Marion Superior Court (100,028); *Theophilus J. Moll,* Judge.

Action by Richard Baker, by next friend, against the City of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Walter Myers, William A. Pickens, Paul G. Davis, Edward W. Hohlt, Robert A. Adams, Samuel Ashby, Thomas D. Stevenson, Harry E. Yockey* and *Dixon H. Bynum,* for appellant.

*William E. Reilley* and *Clyde E. Baker,* for appellee.

NICHOLS, P. J.—This action was in the superior court of Marion county, by the appellee, by next friend, against appellant, for damages on account of an injury alleged to have been sustained by appellee on a public playground of appellant.

The facts as alleged in the second amended complaint are substantially as follows: Appellee at the time of the commencement of this action was a boy

fifteen years of age.  Appellant maintained within the corporate limits of the city a public playground, where children were invited to play.  Appellant maintained within said playground a baseball ground or diamond where the children of the neighborhood played baseball.  On June 25, 1915, appellee, with others, was playing baseball on said diamond, when appellee ran from third base to home base.  Said home base consisted of a block or curb and was round and convex in form on the bottom.  Said block or curb was unsecured, unstable and dangerous, and appellant knew of such defective and dangerous condition, or by the exercise of reasonable care should have known.  The appellant placed said block at said home base and negligently permitted it to remain there.  Appellee, while exercising care and diligence, stepped on said block, and, owing to the negligent manner in which the block was placed and maintained, appellee was injured when he stepped upon it, by being thrown violently to the ground, resulting in a sprained ankle and other injuries.  There was a demand for $5,000 damages.

To this complaint a demurrer was filed for want of facts, which was overruled.  After issues, the cause was submitted to a jury for trial.  At the close of appellee's evidence, appellant filed a motion that the court direct a verdict for appellant, and a like motion at the close of all of the evidence, both of which motions were overruled.  There was a verdict for appellee in the sum of $250.  After motion for a new trial, which was overruled, this appeal.  Each of the foregoing rulings of the court is assigned as error.

Appellant contends that the complaint does not state facts sufficient to constitute a cause of action,

for the reason that it shows that appellee sustained his injuries while playing upon a playground which was established and being operated by appellant, and that in performing such a public service it was discharging a governmental power, in pursuance of a duty imposed by law for the general welfare of the inhabitants, and that in the performance of such duties it is not liable for the misconduct or negligence of its officers or agents in the discharge of such official duties, nor for the unsafe condition of the grounds used therefor. The duties of a municipal corporation are classified into those of governmental, and those of ministerial, the first consisting of such as are the exercise of its sovereign powers, and which are in their nature judicial or legislative, depending on the judgment and discretion of those exercising them; while the second class, as applied to this case, consists of the performance of those functions which the municipality has determined, in the exercise of its governmental powers, should be accomplished. It is not always easy to distinguish the one class from the other. In this case, appellant first determined that there should be a playground at Ringold Place, in the city of Indianapolis, and as to the character of equipment therefor, a part of which consisted of a baseball diamond. This duty was purely governmental, depending solely upon the discretion of the officers charged with the responsibility. This duty was the exercise of a governmental power, for which appellant was not liable for damages growing out of it. But having so determined, it was then charged with the performance of the municipal function which, in the exercise of its governmental powers, it has adopted. Such performance is a ministerial duty, for misfeasance or negligence

1.

in the performance of which appellant is liable for damages resulting in injury. The establishment and maintenance of such a playground, having been determined in the exercise of sovereign power, its maintenance and operation is by virtue and force of law, and is absolute and imperative. For the proper maintenance, operation and supervision of the playground, the city, having established it, must be held responsible, and if its servants or agents are negligent in the performance of such duties, it must respond in damages to those injured by reason of such negligence. The demurrer to the complaint was properly overruled. We cite as some of the authorities bearing on this question: *Brinkmeyer* v. *City of Evansville* (1867), 29 Ind. 187; *Aschcoff* v. *City of Evansville* (1904), 34 Ind. App. 25, 72 N. E. 279; 28 Cyc 1259; *City of Kokomo* v. *Loy* (1916), 185 Ind. 18, 112 N. E. 994.

The next question is, Were appellant's servants negligent in their supervision of such playground, thereby making appellant liable for damages to appellee? The undisputed evidence shows 2. that the block or curbing involved was not there the day before; there was no evidence that appellant by its servants put it there, or that appellant's servants had any knowledge that it had been placed as a home base, and certainly it had not been there long enough to justify an inference of constructive knowledge. *City of Warsaw* v. *Dunlap* (1887), 112 Ind. 576, 11 N. E. 623, 14 N. E. 568; *Town of Lewisville* v. *Batson* (1902), 29 Ind. App. 21, 63 N. E. 861. This was the condition at the close of appellee's evidence, at which time there was a motion by appellant for a directed verdict. By appellant's evidence, which is undisputed, neither of the two in-

structors in charge of the playground placed the block or curbing at the home base, but one of them removed it, rolling it back under the fence about a half hour before the game, at which time there was another base there, a little covered on account of some grading, which consisted of a board counter-sunk into the ground, and flush with the surface. This base was described by appellee as the one that was there the day before. One of appellant's witnesses testified that he had received orders from appellant's instructors in charge not to put the stone there, and one of the instructors in charge testified that he had issued an order that rocks should never be used for bases or plates. With these facts undis-puted, appellant again, at the close of all of the evi-dence, moved the court for a directed verdict. Each of the motions should have been sustained, for there was then no question for the jury, it being one of law for the court.

The judgment is reversed, with instructions to the trial court to grant a new trial.