MEDSKER ET AL. *v.* ETCHISON
[No. 15,108.   Filed January 28, 1936.]

*Pence, O'Neill & Diven* and *C. W. Mount,* for appellants.

*Vermillion & Neff* and *Dee R. Jones,* for appellee.

KIME, P. J.—This was an action by a minor, through his next friend, for damages for personal injuries alleged to have been sustained by the minor in a fall from a slide on the playground of a school in Alexandria, Indiana.

The members of the school board individually, the superintendent of schools, and an athletic supervisor are the appellants.

The complaint alleged that these appellants were guilty of negligence in the construction and maintenance of this slide. There was a trial by jury, which returned a verdict for the appellee, upon which a judgment was subsequently rendered. The overruling of the motion for new trial is assigned as error here, along with error in refusing to strike out parts of the complaint. The grounds of the motion for new trial were that the verdict of the jury is not sustained by sufficient evidence and that it was contrary to law and alleged error in giving three instructions.

The evidence discloses that this six-year-old child was using the slide; had gone down it several times before on this particular day and that the slide sloped slightly to the west. The only evidence that the child actually fell from the slide proper is that of another five or six-year-old girl who was standing some 175 feet away from the slide and who did not actually see the boy fall off but testified that she saw him start down the slide and later saw him in the air in the act of falling.

The only evidence that the slide sloped at all was given by one James Kirby, a mail carrier, who testified that he passed this school house several times a day and noticed the slide in this sloping condition, and, although he. had one or two children of his own in this school, he made no report that the slide sloped to any of the school officials. However, upon this evidence there was sufficient from which the jury could draw the inference (believing this five or six-year-old girl and the mail carrier) that this sloping slide was the cause of the child's injury, although all the other testimony was to the effect that the child fell off of the platform in an attempt to go down one of the supports of the slide.

Generally speaking, school officers acting within the scope of their duty are only responsible individually for the injuries resulting from corrupt motives and not from mistake of law or judgment. Here the school board, in the exercise of its judgment, caused this slide to be erected. Exercising its judgment it accepted the report of the superintendent of the schools to the effect that the slide had been properly installed. There is no charge that his judgment or that of the board was influenced by improper motives, or that it was not their best judgment. The board's judgment may have been good or it may have been bad. It has the same right to err in judgment as any other body, and in the absence of corruption one should not be questioned any more than the other.

The fact remains that the board did exercise its discretion and judgment. That may not have been the judgment of any other three men, but in the absence of a showing that there was an abuse of that discretion or of fraud their judgment is supreme. Their action can not be changed, modified, or controlled by juries or courts. Under such circumstances the judgment of no one or of the courts can be substituted for the judgment of the body designated by law to be instrusted with that duty.

Appellee relies exclusively upon the case of *Adams* v. *Schneider et al.* (1919), 71 Ind. App. 249, 124 N. E. 718, to sustain the action of the trial court. However, conceding this case to be a true expression of the law in Indiana (a question upon which we express no opinion) it is easily distinguishable from the case at bar. In the Adams case the school board called in the clerk of the board and *constituted him their special agent* to make arrangements for a field day, where an admission fee was to be charged, and ordered him to have seats constructed. He, as the agent of the official board, hired

an independent contractor to erect these seats. This was done but neither the clerk nor anyone else inspected the seats to see whether or not they were properly erected and the court there held that it was a question for the jury whether or not the clerk and the board should be liable under the circumstances—the plaintiff having paid an admission fee and being subsequently injured by the falling of the seats. In that case the board's alleged neglect to cause an inspection or their alleged failure to inspect the work was held to be a question for the jury.

But such is not the situation in the case at bar. Here the installation of the slide was inspected by the superintendent and he found that it was properly installed. His judgment may have been bad, but nevertheless it was his judgment.

In the Adams case the court quotes from Clarke and Skiles on Agency, which probably was applicable to the facts in that case but there Fisher, the clerk of the board, had been constituted the agent of the board to do what the court said was a ministerial act and because he did that act negligently the court held that it was a question for the jury whether he, as well as the board, should be liable for such negligence. However, in the instant case the superintendent was not made the agent of the board to perform a ministerial act. The agent of the board for the erection of this slide was the Park Board or the American Legion. Conceding that the superintendent might have been the agent of the board for the purpose of inspection only (on which there is no evidence whatsoever) there is absolutely no evidence that he did not inspect the installation properly nor that he did not use his best judgment in making the inspection. Thus the Adams case can give no support whatsoever to the facts here.

The school board as a unit and not as individuals

accepted the report of the superintendent. They had delegated generally to this man the conduct of the schools. He occupied a responsible position in the community and he discharged his duties as such for several years. He inspected this slide and reported that it was properly installed and the board exercised its discretion and accepted the report. In the absence of a showing that they directed his specific act or personally co-operated therein they can not be held personally liable. There is no showing that the superintendent was negligent in his inspection. There is an attempt to show that other men would have done otherwise, but that is not the question.

Of course the teachers (the superintendent and coach) can not be liable unless it be shown that they individually were guilty of the active negligence which caused the wrong. There is no evidence that they did or failed to do any act which was directly responsible for the injury. There is no showing that it was the duty of any one of the three to make a daily or periodical inspection of this particular slide or of playground equipment, nor that it had been specifically enjoined upon them, by the board, to be personally or individually responsible for the maintenance of this equipment. We do not say by this that even if these things had been done that there could be a recovery here, but we do say that these facts and possibly others must be present before they could be guilty of negligence. Even though they should be guilty of negligence, whether or not the law provides a remedy is still another question and not before us here. It is not shown that these teachers did any act or omitted to do any act whereby it could be said that they were negligent.

The legislature had delegated to this school board certain duties of the sovereignty, namely, the care and

education of the children of school age during certain periods. To do this they are granted the control and management of property necessary to such undertakings. Section 28-2411, Burns 1933, being §5969, Baldwin's 1934, and Acts 1899, chapter 192, §3, page 424; Acts 1907, chapter 218, §1, page 385, In the exercise of such power they are immune from responsibility unless the legislature which created them also decreed that they should be liable for certain acts of omission or commission. *State v. Gough* (1913), 55 Ind. App. 118, 103 N. E. 448. If they had laid down certain plans and specifications for the erection of this slide and had accepted an installation not complying therewith we would have a different question. See *Smith v. State* (1889), 117 Ind. 167, 19 N. E. 744. But here they were not administering any specific command of the legislature, they were not following a method laid down for their guidance.

Their duties here required that they control and manage this equipment. They determined that the slide should be taken down and reinstalled. They did this as an official body. It was in the exercise of a governmental function, calling for discretion, that they acted, and even though they may have been mistaken or improperly exercised their discretion, in the absence of fraud there is no remedy. *State v. Gough, supra; Sherman v. Miller Construction Co.* (1929), 90 Ind. App. 462, 158 N. E. 255.

The board here was not acting as individuals but as an official body and for their acts as such there is no liability or at least there is no remedy provided by law whereby it may be enforced. Occasionally we find in law a wrong without a remedy and here is an instance of such a situation. If the people demand a remedy their recourse is to the legislative body, but courts are only for the enforcement of established rights and none are

shown which may be here enforced. *Antin* v. *Union High School* (1929), 130 Ore. 461, 280 Pac. 664, 66 A. L. R. 1271 and 1282; *Consolidated School* v. *Wright* (1927), 128 Okla. 193, 261 Pac. 953, 56 A. L. R. 152, and annotations and authorities at page 165. See also Public Officers, 22 R. C. L. 164 and 165 and 56 C. J., page 348.

The verdict of the jury is contrary to law and not sustained by sufficient evidence and the motion for a new trial should have been granted.

The appellants do not properly present any error as to the motion to strike.

The questions as to some of the instructions are answered by the law announced above and in view of the result reached it is not necessary to discuss the others.

The judgment of the Tipton Circuit Court is reversed with instructions to grant appellants' motion for a new trial and for further proceedings consistent with this opinion.