CITY OF TERRE HAUTE *v.* WEBSTER.

[No. 16,753. Filed April 14, 1942. Rehearing denied May 26, 1942. Transfer denied September 21, 1942.]

*Winfield M. Fox* and *Lewis R. Sutin,* both of Terre Haute, *Rawley & Stewart,* of Brazil, and *McFaddin & McFaddin,* of Rockville, for appellant.

*Hunter J. Von Leer,* of Terre Haute, *Harvey L. Fisher,* of Brazil, and *J. M. Johns,* of Rockville, for appellee.

CURTIS, J.—This was an action by Jack M. Webster, a minor, by his next friend, Wallace Webster, against the appellant for personal injuries alleged to have been sustained on May 18, 1939, by said minor in Sheridan Park, a public park in the City of Terre Haute, Indiana, at about 7:15 to 7:30 o'clock in the evening of said day. It was alleged generally that the minor stepped and fell into a hole just west of a certain stone drinking fountain in said park which said hole had a one inch pipe coming up to about ground level, the accident occurring as the said minor approached said drinking fountain to get a drink. The action was begun in Vigo

County, venued to Clay County, and then venued to Parke County where it was tried.

The complaint was in one paragraph to which the appellant filed an answer in general denial.

The cause was submitted for trial before a jury upon the issues thus joined, resulting in a verdict for the appellee in the sum of $6,500.00 and costs, upon which verdict judgment was duly entered.

There was a motion filed by the appellant for a new trial and overruled with an exception. It is from the judgment above mentioned that this appeal has been prayed and perfected, the errors assigned being the alleged error of the court in overruling the motion for new trial. The causes or grounds of the said motion may be summarized as follows: The verdict of the jury is not sustained by sufficient evidence; is contrary to law; alleged error of the court in giving to the jury at the request of the appellee, each of appellee's instructions numbered 6, 8, 11, 12, 13, and 14; alleged error of the court in refusing to give to the jury at the request of the appellant each of appellant's instructions numbered 6, 30, 35, 36, 45, and 47.

It is to be noted at the outset that there are no errors assigned as to any of the court's rulings as to the evidence.

Under Proposition I, the appellant argues that the verdict of the jury is not sustained by sufficient evidence. We have examined the evidence carefully and have concluded that there is an abundance of evidence to sustain the verdict of the jury. Under Proposition II, it is contended by the appellant that the verdict of the jury is contrary to law. Under this proposition, the appellant contends that a municipal corporation is engaged in the performance of a governmental function when it is looking after the care of the poor, prevention

of fire, and a system of education of the people, and the health and the well-being of the citizens of the State, and that in the maintenance and operation of a public park, a city is engaged in such a governmental function.

The statement of the appellant that a city is not liable in damages when it is in the performance of a governmental function is a correct statement of the law, but the difficulty met by the appellant in this respect is that the courts of Indiana have held that in the maintenance and operation of a public park, a city is not engaged in a governmental function, in so far at least as structural defects are concerned, but is engaged in the performance of a ministerial and proprietary function, and that a city is liable for structural defects in a city park where such structural defects are due to a lack of reasonable care on the part of said city to make said park a reasonably safe place for persons using such park for park purposes. See *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. (2d) 568; *City of Kokomo* v. *Loy* (1916), 185 Ind. 18, 112 N. E. 994; *City of Evansville* v. *Blue* (1937), 212 Ind. 130, 8 N. E. (2d) 224; *City of Indianapolis* v. *Butzke* (1940), 217 Ind. 203, 26 N. E. (2d) 754; in *City of Kokomo* v. *Loy supra,* the Supreme Court said at p. 20:

"Municipal corporations exist in a dual capacity and their functions are twofold. In one they exercise the right springing from sovereignty and, while in the performance of the duties pertaining thereto, their acts are political and governmental. Their officers and agents in such capacity, though elected or appointed by them, are nevertheless public functionaries performing a public service, and as such they are officers, agents and servants of the state. In the other capacity the municipalities exercise a private, proprietary or corporate right, arising from their existence as legal persons and not as public agents. Their officers and agents in the performance of such functions act in behalf of

the municipalities in their corporate or individual capacity and not for the state or sovereign power.
. . . .

"The question of whether a municipal corporation may be made to respond in damages for a tort, either of misfeasance or nonfeasance, in connection with a particular department of activity, depends, according to the weight of authority, upon whether the duties of that department pertain to the public and governmental functions, or to the private and corporate administration of the municipality.
. . . ."

After quoting the above language from the Kokomo case above mentioned, the Supreme Court in the Sherfey case, *supra*, added the following at p. 502:

"In other words, if the function is public and governmental, the municipality cannot be held liable; if it is private and corporate, it may be.

"Applying the rules stated, it has been held that a municipality may be liable for its negligence in the management of its public parks. Such liability may be stated to arise from the common law principle that where a power is given and a duty imposed, a corresponding liability arises for the proper exercise of that power and the discharge of that duty."

See also *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330. In *City of Evansville* v. *Blue, supra,* the court used this language at p. 138:

"It would seem therefore that if liability in respect to the maintenance and operation of parks is based upon their analogy to streets, the decisions go no further than to hold a city responsible for structural defects in the parks and their appurtenances and equipment."

We think the evidence in the instant case brings it within the rule laid down in the above cases as to the liability of a city in connection with structural defects in its parks.

The appellant attempts further to escape liability in the instant case upon the theory that some WPA worker who had been doing work in the park negligently ██ left the said hole open and further that the said minor was guilty of contributory negligence in not himself discovering the danger in time to have avoided the injury. The jury had the evidence before it in those matters and it concluded that the negligence of the city had been fully established, and that the said minor was not guilty of contributory negligence. We do not think the evidence is of such a conclusive character on these matters as to force a contrary conclusion upon this court. We, therefore, conclude that the verdict of the jury is sustained by sufficient evidence and is not contrary to law and should stand unless such verdict may be said to have been improperly influenced by error or errors of law in the trial of the cause and complained of by the appellant. This brings us to a consideration of the instructions complained of by the appellant. The appellant first complains of the appellee's instruction numbered 6, saying that said instruction does not correctly state the law relative to the liability of the appellant city in the instant case. This instruction is as follows:

"I instruct you that a city and municipal corporation must exercise ordinary care in maintaining, equipping and caring for its public parks, to make them reasonably safe for persons rightfully frequenting and using the parks and equipment; and for failure to use ordinary care in said regard, a city or municipal corporation so failing will be liable for injuries solely and proximately caused by said failure."

There is no merit in the contention of the appellant with reference to said instruction. The appellant's contention is based upon its other contention that the

appellant city in the instant case was engaged in a governmental function. In this the appellant is in error. The same may be said with equal force as to appellee's instructions numbered 8, 11, 12, and 13, as complained of by the appellant. The appellant is in error in assuming that the trial court invaded the province of the jury as to the dangerous character of the hole in the park. Under these instructions, when considered together, the dangerous character of the hole and the negligence, if any, of the appellant city were left as questions of facts for the jury's decision as well as the question of fact as to whether or not the said minor was guilty of contributory negligence. We think these instructions correctly state the law relative to the liability of a municipal corporation in the performance of a ministerial, proprietary, corporate function in keeping the structural parts of a city park in a reasonably safe condition.

This brings us to consideration of instruction numbered 14, which we quote as follows:

"If you find for the plaintiff, it will be your duty to assess the amount of damages that you find should be awarded under the evidence of this case.

"In determining the damages to be awarded, it will be proper for you to consider the age of the plaintiff, the condition of his health before the alleged injury, HIS PECUNIARY LOSS IF ANY, the bodily injuries the question whether they are temporary or permanent, his physical pain and mental anguish, if any, and any future suffering and pain that plaintiff is reasonably sure to suffer, and from all of these things as shown by the evidence, it will be proper for you to assess such an amount as will in your judgment reasonably and fairly compensate the plaintiff for the injuries and damages, if any, which he has sustained as shown by the evidence bearing upon the question of damages as alleged in the complaint, and not

exceeding the sum of $15,000, the amount asked for in plaintiff's complaint."

We believe there was no reversible error in the giving of this instruction. The appellant especially points out the language of said instruction which we have above capitalized. If the language above capitalized in this instruction led the jury to include in its verdict pecuniary loss not recoverable by the appellee, who was a minor 14 years of age, as, for instance, to include in said verdict expenses that under the law the minor could not recover and which were recoverable by his parents, the said minor not having been shown by the evidence to have been emancipated, then the verdict would be excessive in such amount. The appellant, however, has not pointed out any evidence as to any pecuniary loss of such character, and we think the construction sought to be placed upon said language by the appellant is, to say the least, a strained construction. It is noticed by the said language in said instruction that it is limited to his, the minor's, pecuniary loss, and would not cover and could not be construed to cover the pecuniary loss of some one else, for instance the minor's father or parents. We think the words objected to should reasonably be held not to include loss for wages, impaired earnings, or medical or hospital expenses, and the like, which would not be recoverable by the minor. There being no evidence in the record as to any of such wages or impaired earnings or medical or hospital expenses, we do not think that the jury was misled by the use of said capitalized words in the instruction. It should also be pointed out that the amount of the verdict is not questioned in any cause or ground of the motion for a new trial.

It has been repeatedly held by both the Supreme Court and this court that any error in the giving of

an instruction on the measure of damages is waived by the failure of the appellant to assign in its motion for new trial as one of the causes or grounds that the verdict of the jury is excessive, or, if having assigned such a ground in the motion for new trial, there is a failure to present the same as one of the errors relied upon for reversal. See *Indianapolis, etc. R. Co.* v. *Sample* (1915), 58 Ind. App. 461, 108 N. E. 400; *Pittsburgh, etc. R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486, and the cases therein cited. See also *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758; *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N. E. (2d) 689.

It is our opinion that the court did not err in its refusal to give the jury the appellant's instruction numbered 6 which was upon the question of contributory negligence. This subject, we think, is fully covered in other instructions properly given by the court. The same may likewise be said as to instruction 30, which the court refused to give. Appellant's instructions numbered 35, 36, 45 and 47, in so far as they contain correct statements of law, were fully covered by the instructions given in the case, and it was not error, therefore, to refuse to give them.

It has been many times held, and the citation of authority is unnecessary in support of it, that the instructions are to be considered as a whole, and if when so considered they state the law fully and correctly, there is no need for repetition in other instructions. We have found no reversible error as to the instructions.

Upon the record as a whole, we conclude that the case was fairly tried and determined in the court below,

and that is an additional reason why the judgment should be affirmed. Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 972.