**James MILLS, Barbara Mills, and Dennis Mills, Appellants (Plaintiffs Below),**

v.

**AMERICAN PLAYGROUND DEVICE CO. and City of Gas City, Indiana, Appellees (Defendants Below).**

**No. 2–1278A425.**

Court of Appeals of Indiana, Second District.

June 18, 1980.

Wade R. Bosley and James N. Clevenger, Marion, for appellants.

Herbert A. Spitzer, Jr., Phillip E. Stephenson, Browne, Torrance, Spitzer, Herriman & Browne, Marion, for appellees.

SHIELDS, Judge.

Appellants James, Barbara, and Dennis Mills (Mills) appeal from the trial court's judgment granting appellee City of Gas City's (City) motion for summary judgment and dismissing the action against it. Since the trial court did not specify the legal grounds for its judgment, Mills address on appeal each of the issues raised by City in its motion for summary judgment, as stated below:

1. Whether Notice of Claim satisfied the statutory notice requirement;

2. Whether City was immune from liability pursuant to the governmental immunity provisions of the Indiana Tort Claims Act; and

3. Whether Mills have stated a claim upon which relief can be granted.

The record discloses on September 8, 1974 Dennis Mills, the 14 year old son of James and Barbara Mills, was injured when he fell from a slide manufactured by American Playground Device Company and purchased and installed by City. Dennis was attending a Boy Scout camporee in the Gas City Park when, between organized activities, he was playing on the slide and fell to the base below. Dennis was treated for a broken arm, concussion, broken nose, meningitis, sinus difficulties, and hearing loss.

December 11, 1974, 44 days after the incident Mills sent the following Notice of Claim to City:

"Mr. Eugene Linn
Mayor of Gas City
East Main Street
Gas City, Indiana 46933

Re: Mills vs. City of Gas City

Dear Gene:

This office represents Mr. and Mrs. James Mills and their son, Dennis, in a personal injury claim arising out of injuries that Dennis sustained on September 28, 1974 in a fall from a slide in the Gas City Park. This letter shall constitute formal notice that Dennis and his parents are making a claim against the City of Gas City, Indiana.

At the present time we are unable to determine the extent of personal injuries suffered by Dennis and we are unable to determine the amount of damages that Mr. and Mrs. Mills and Dennis will be seeking. Once this information is available to us we will convey it to you or your representative.

At the time of the incident described above Mr. and Mrs. Mills and their son lived at 701 South Main Street, Jonesboro, Indiana and they still reside at this address.

After an examination of the slide in question, I feel that there is a good possibility of a lawsuit against its manufacturer and/or designer. We would like to know when the slide was purchased by the city, from whom it was purchased and the name and address of the manufacturer, if known. If the city received any literature or instructions promoting the slide or accompanying it upon delivery we also would like to have copies of any such literature.

Since this claim is pending, the slide should not be destroyed or sold, but I strongly suggest that you remove the

slide from its present location. I feel that this 18 foot high, improperly designed piece of playground equipment constitutes a menace to the youngsters of Gas City and should be eliminated before more tragic incidents occur. If the city should decide to move the slide we should be notified so we can be present when it is moved.

Please turn the enclosed copy of this letter over to Gas City's public liability insurance carrier and have them contact us at once.

Thank you."

February 11, 1975 a second letter was sent to City indicating investigation of the claim was continuing.

## I

■ As a procedural precedent to bringing suit against City, the Mills were required to give City written notice of their claim within 180 days of the alleged incident. IC 34–4–16.5–7 (Burns Ed. 1979 Supp.). *City of Indianapolis v. Satz,* (1978) Ind., 377 N.E.2d 623. Compliance with the notice requirement is a legal question for the court. *City of Indianapolis v. Satz, supra.* On review we must determine whether the December 11 letter is, as a matter of law, sufficient to constitute substantial compliance with the statute.

Mills contend their December 11 letter constituted "notice" within the meaning of IC 34–4–16.5–9 (Burns Ed. 1979 Supp.).

"The notice required by sections 6, 7, and 8 [34–4–16.5–6—34–4–16.5–8] of this chapter shall describe in a short and plain statement the facts on which the claim is based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice."

The letter presents the circumstances of the loss (a fall from a slide), the time and place (September 28 at Gas City Park) and the known names of persons involved (Dennis Mills, City, and American). At issue is whether the letter adequately describes the extent of loss and amount of damages sought. The letter is not void of reference to loss or damages. It reveals the existence of injuries, but states the extent of loss is unascertainable at the current time and, therefore, damages are undeterminable.

■ Substantial compliance with the notice requirement is sufficient, *Galbreath v. City of Indianapolis,* (1970) 253 Ind. 472, 255 N.E.2d 225, and such occurs when the purposes of the notice provision are fully satisfied. *Delaware County v. Powell,* (1979) Ind., 393 N.E.2d 190. *Galbreath v. City of Indianapolis, supra,* has been cited with continuing approval on the purpose of the notice statute:

"The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances. We see no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied." 253 Ind. at 479, 480, 255 N.E.2d at 229.

The key information necessary to an investigation is the nature of the incident, the place of the injury, and the party injured. Given this, City could reasonably anticipate the general type of Dennis's injuries and, at least, had an adequate investigatory base from which to work.

A written notice, similar but even less descriptive than the December 11 letter, was found to substantially comply with the statutory purpose in *Brown v. City of South Bend,* (1971) 148 Ind.App. 436, 444, 267 N.E.2d 400, 403.

"YOU ARE HEREBY NOTIFIED:

"That on or about the 6th day of October, 1967, at approximately 6:30 p. m. at the corner of South and Scott Streets on the said Scott Street, an accident did occur wherein Norris F. Brown the son of Gertie B. Brown was injured. That at the aforementioned place and time the City of South Bend, Indiana, by and through its employees and other agencies

did allow a hazardous condition to exist creating an attractive nuisance and thereby drawing to the same the said minor Norris F. Brown enabling him to injure himself as the direct and approximate result of the negligence and nuisance of the aforementioned. That the said negligence and nuisance created by the City of South Bend, Indiana, consisted of among other things, allowing sewer piping which was unguarded and unsecured to lie open in the street thereby attracting children to play upon the same and injure themselves."

The *Brown* court found that the notice, while not a model for legal draftsmen, did not mislead the city and did allow the prompt investigation to which the city was entitled.

Further, we note Indiana's liberal interpretation of the injury and damages description, as stated in *Volk v. City of Michigan City*, (1941) 109 Ind.App. 70, 73, 32 N.E.2d 724, 725.

"In passing upon the proper construction to be given this statute, our court has repeatedly held that: 'In so far as concerns the requirement that the notice be given, and within the time specified, and to the proper officers, the statute is strictly construed. * * * But on the question of whether or not a notice in fact given is sufficiently definite as to the time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts.' *City of East Chicago v. Gilbert*, (1915) 59 Ind.App. 613, 621, 108 N.E.2d 32, 109 N.E. 404; *City of Gary v. McNulty*, (1935) 99 Ind.App. 641, 194 N.E. 193."

■ Thus, given the uncertainty as to the permanency and the exact nature of the injury in the initial stages of a personal injury case, it would be difficult, if not impossible, to state the full extent of injuries in the Notice of Claim. Mills acknowledged the loss and damages requirement, and substantially complied with it by stating the existence of a personal injury loss, of which the extent and damages were yet unascertainable.

City makes a reasoned, but unacceptable, argument that the settlement provisions of the Tort Claims Act, IC 34–4–16.5–10 and 12 (Burns Ed. 1979) expanded the purpose of the notice provision to include claim settlement.

Ind.Code 34–4–16.5–10:

"Within ninety (90) days of the filing of a claim the governmental entity shall notify the claimant in writing of its approval or denial of the claim. A claim is denied if the governmental entity fails to approve the claim in its entirety within ninety (90) days, unless the parties have reached a settlement before the expiration of that period."

Ind.Code 34–4–16.5–12:

"A person may not initiate a suit against a governmental entity unless his claim has been denied in whole or in part."

The legislative intent to further settlement of undisputed claims, City contends, is dependent upon greater specificity of loss and damages in the notice.

■ We do not find that legislative intent to further settlement is realized through a more detailed notice of claim. From a logical perspective, regardless of the particularities of damages set out in the notice, City would still have to investigate a claimant's allegations prior to a settlement offer. The purpose of the notice is not to cement claimant into an estimate of his personal injury, but to give adequate warning to City so that it may investigate, determine the validity of the claim, and prepare its defense.

Cases decided under the new Act do not espouse a change in the purpose of the notice provision and continue to emphasize the investigation purpose. *Delaware County v. Powell*, (1979) Ind., 393 N.E.2d 190; *Lawrence County Commissioners v. Chorley*, (1979) Ind.App., 398 N.E.2d 694.

## II

The second issue disputed on appeal is the governmental immunity defense. Mills' argument is two-fold: (1) that sovereign im-

munity is not an available defense, and (2) that statutory governmental immunity for discretionary functions does not shield City from the ministerial act of installing and maintaining a playground slide.

Mills' discussion of sovereign immunity is irrelevant since City did not raise that defense. The heart of Mills' argument, then, is whether City's acts constituted the performance of a discretionary function within the meaning of the statutory immunity provision of the Indiana Tort Claims Act. IC 34–4–16.5–3 (Burns Ed. 1979 Supp.) enumerates 14 instances of governmental immunity, the pertinent provision stated below:

"A governmental entity or employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(1) the performance of a discretionary function, \* \* \*"

The oft-cited case of *Adams v. Schneider,* (1919) 71 Ind.App. 249, 255, 124 N.E. 718, 720, distinguishes discretionary and ministerial functions:

"A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and, if so, in what particular way, and in the absence of corrupt motives in the exercise of such discretion he is not liable. His duties, however, in the performance of the act, after he has once determined that it shall be done, are ministerial, and for negligence in such performance, which results in injury, he may be liable in damages."

The discretionary/ministerial distinction hinges on the demarcation between the decision to act and the acts or duties flowing from that decision. *Mobile Enterprises, Inc. v. Conrad,* (1978) Ind.App., 380 N.E.2d 100. Mills argue City's decision to establish a park and to equip it is a discretionary function of local government, emanating from which is the ministerial duty to use reasonable care in carrying out that decision. We agree. Once City opted to provide a playground and to equip it, a ministerial duty arose to provide reasonably safe premises.[1]

In *City of Indianapolis v. Baker,* (1920) 72 Ind.App. 323, 125 N.E. 52, the court suggested that selection of the "character of equipment," a baseball diamond, was a governmental or discretionary act for which the city was immune from liability; however, the city could be liable for negligence in the installation or continued maintenance of blocks or curbing as base markers. Installation of equipment, including the safeness and suitability of the equipment, the manner and method of installation, and its maintenance, is a ministerial act for which there is no statutory immunity.

## III

Finally Mills contend they have stated a claim upon which relief can be granted pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6).[2] The standard applied on review is "whether in the light most favorable to the plaintiff and with

1. City relies on *Medsker v. Etchinson,* (1936) 101 Ind.App. 369, 371, 199 N.E. 429, 430 for a contrary result.

"Here the school board in the exercise of its judgment caused this slide to be erected. Exercising its judgment, it accepted the report of the superintendent of the schools to the effect that the slide had been properly installed. There is no charge that his judgment or that of the board was influenced by improper motives, or that it was not their best judgment."

*Medsker, supra,* is distinguishable. Claimants in that case alleged negligence of school board members individually in the construction and maintenance of a school slide. The court employed the following standard: School officers

acting within the scope of their duty are only responsible individually for the injuries resulting from corrupt motives and not from a mistake of law or judgment. This standard provides broader immunity than the discretionary immunity provision of the Torts Claims Act, controlling in the case at bar, and therefore is not applicable. *See Driscol v. Delphi Community School Corp.,* (1972) 155 Ind.App. 283, 290 N.E.2d 769, acknowledging *Medsker, supra,* for the rationale that discretionary acts are immune, but questioning the language of the opinion. fn. 1, p. 770.

2. A motion for failure to state a claim raised subsequent to filing of defendant's answer is properly addressed as a motion for judgment

every intent regarded in his favor" the complaint constitutes a claim. *Gladis v. Melloh,* (1971) 149 Ind.App. 466, 273 N.E.2d 767. A complaint is subject to dismissal only if it appears to a certainty that the plaintiff is not entitled to relief under any set of facts. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604.

Mills have stated a claim of action in negligence against City. Under notice pleading Mills need only allege an injury proximately caused by City's negligence. They have done so.

City contends there can be no cause of action in negligence absent the establishment of a duty. The following duty and standard of care exist under Indiana law: A city is under a duty to exercise ordinary care to make public parks reasonably safe for persons rightfully frequenting and using the parks and equipment. *Sherfrey v. City of Brazil,* (1938) 213 Ind. 493, 13 N.E.2d 568; *City of Terre Haute v. Webster,* (1942) 112 Ind.App. 101, 40 N.E.2d 972; *City of Indianapolis v. Baker,* (1919) 72 Ind. App. 323, 125 N.E. 52. City is not an insurer of children's safety, but it is responsible to provide reasonably safe premises given the nature and conduct of children. *Clayton v. Penn Central Transportation Co.,* (1978) Ind.App., 376 N.E.2d 524. In light of case law establishing a clear duty of care, we find that Mills' pleadings sufficiently state a cause of action against City for which relief may be granted.

City's argument that there is no duty to undertake certain precautionary or security measures misstates the law. Whether City's act, or failure to act, constitutes negligence is a factual question of breach of duty. It is not a legal question of existence of duty.

We reverse the trial court's dismissal of City and remand thereto for further action consistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

on the pleadings pursuant to Ind. Rules of Procedure, Trial Rule 12(C) rather than as a T.R. 12(B)(6) motion. However, our standard of review is the same. *Anderson v. Anderson,* (1979) Ind.App., 399 N.E.2d 391, 406.

Further, we distinguish between a motion for summary judgment, Ind. Rules of Procedure, Trial Rule 56, and a T.R. 12(C) motion, and clarify the appropriateness of the latter in the case at hand. A T.R. 12(C) motion tests the sufficiency of the complaint to state a redressable claim. The motion is used to "test the law of the claim, not the facts that support it." *Anderson,* supra, at 406.

The purpose of a T.R. 56 motion is set out in *Anderson,* supra, at 406.

"The purpose of a T.R. 56 motion for summary judgment, on the other hand, is to go behind the pleadings to determine if evidence exists to support allegations or denials in the pleadings. *See Indiana Suburban Sewers, Inc. v. Hanson,* (1975), 166 Ind.App. 165, 334 N.E.2d 720. A T.R. 56 motion unlike a T.R. 12(B)(6), does not test the sufficiency of the pleadings but tests whether the allegations in the pleadings have any factual bases. Thus, T.R. 56 requires the parties, before trial, to bring forward evidence from which the material facts alleged in the pleadings can be inferred."

Despite the trial court's reference to the motion as a T.R. 56, and statement that it considered matters extraneous to the pleadings in ruling, we find that the issue raised by the City was failure to state a claim for lack of legal duty owed, which is the function of a T.R. 12(C) motion.

City did not raise or address Mills' factual allegations, but solely contested the existence of a legal duty.