**Mary A. CLEM, Personal Representative of the Estate of Cary Lee Clem, deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. S 83–430.**

United States District Court, N.D. Indiana, South Bend Division.

March 11, 1985.

Gerald A. Kamm, South Bend, Ind., Robert L. Dalmbert, Columbus, Ind., for plaintiff.

Donald P. Moroz, Asst. U.S. Atty., South Bend, Ind., Patrick O. Cavanaugh, U.S.

Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On January 29, 1985, this court entered a Memorandum and Order deciding this case in favor of defendant, United States of America, after a bench trial. 601 F.Supp. 835. On February 7, 1985, plaintiff filed a Petition to Reconsider Memorandum and Order which this court construes as a Motion to Amend Judgment under Rule 59 of the Federal Rules of Civil Procedure. The plaintiff raises two issues in her petition: (1) whether the court properly construed the "business invitee/invited guest" exception to I.C. § 14–2–6–3 in holding that the Indiana Recreational Use Statute barred this action in light of *Mills v. American Playground Service Co. and City of Gas City, Indiana,* Ind.App., 405 N.E.2d 621 (1980); and (2) whether the court erred in not finding the Indiana rescue doctrine as interpreted in *Lambert v. Parrish,* Ind. App., 467 N.E.2d 791 (1984), applicable to the facts of this case. The defendant has responded to the petition and the matter is ripe for ruling.

### I.

In *Mills v. American Playground Device Co. and City of Gas City, Indiana, supra,* the Court of Appeals of Indiana held "The following duty and standard of care exists under Indiana law: A city is under a duty to exercise ordinary care to make public parks reasonably safe for persons rightfully frequenting and using the parks and equipment." 405 N.E.2d at 627. Based on this language, the plaintiff argues that an individual may be an "invited guest" under Indiana law even when a business purpose or business enterprise is not involved if the invitation is to the public. Although the duty imposed on the city in this case is similar, if not the same, as the duty owed an invitee under Indiana law, plaintiff's reliance on the *Mills* case to bring her within the "invited guest" excep-

tion to the Indiana Recreational Use Statute is misplaced.

■ A careful reading of the *Mills* decision and cases cited therein with respect to the duty owed discloses that the duty described applies specifically to a city and does not have general application to a private citizen. None of the cases contain any mention or discussion of the status of the individual coming upon the land of another. Rather, the language clearly indicates that the duty is imposed as a result of the city's exercise of its governmental powers and its performance of the ministerial and proprietary functions connected therewith. *See City of Terre Haute v. Webster,* 117 Ind. App. 101, 40 N.E.2d 972, 973 (1942) (en banc); *Sherfey v. City of Brazil,* 213 Ind. 493, 13 N.E.2d 568, 572 (1938); *City of Indianapolis v. Baker,* 72 Ind.App. 323, 125 N.E. 52, 53 (1919). Accordingly, the *Mills* decision does not support the plaintiff's argument with respect to the "invited guest" exception to Indiana Recreational Use Statute nor can it be used as a basis for imposing the duty described therein on the defendant inasmuch as the Federal Tort Claims Act clearly indicates that the United States waived its sovereign immunity in a very limited way when it enacted that law such that it can only be held accountable in tort in the same manner and to the same extent as a *private individual* under like circumstances. 28 U.S.C. § 2674; *Rayonier v. United States,* 352 U.S. 315, 319, 77 S.Ct. 374, 376, 1 L.Ed.2d 354 (1957); *see Proud v. United States,* 723 F.2d 705, 706 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 3536, 82 L.Ed.2d 841 (1984).

### II.

The second issue raised by plaintiff concerns the application of the rescue doctrine to this case. The plaintiff maintains that the Indiana rescue doctrine applies in this case with respect to Mr. Clem's actions and that under *Lambert v. Parrish,* Ind.App., 467 N.E.2d 791 (1984), Mr. Clem was not contributorily negligent under the modified standard of care required of a rescuer and

that she cannot be barred from recovery on that ground.

The threshold question this court must answer with respect to this issue is: Does the rescue doctrine as defined in Indiana apply to this case? The answer must be no based upon the facts of this case.

Indiana recognized the viability of the rescue doctrine in *Neal v. Home Builders, Inc.*, 232 Ind. 160, 111 N.E.2d 280 (1953). In that case, the defendants were in the process of building a house directly across the street from the home of the plaintiff, his wife (the decedent), and their three sons. The plaintiff alleged that the defendants knew the neighborhood children frequently played inside the dangerous, unfinished structure, and that the defendants therefore had a duty to keep children out. Early one morning, the plaintiff's wife recognizing the distressed cries of her youngest son, left her home, ran across the street, and entered the unfinished structure. *Id.* 111 N.E.2d at 283. There she discovered that the boy had become trapped on a step ladder that led to the second story of the building. In trying to free her son from his plight, the decedent lost her footing and fell to her death. The plaintiff sued the defendant/home builder based on the rescue doctrine theory of recovery. *Id.* 111 N.E.2d 283–84. With respect to the rescue doctrine, the Supreme Court of Indiana stated:

> "If [plaintiff] is to recover under the allegations of his complaint, it must be done under the 'rescue doctrine.' This rule is clearly stated in 65 C.J.S., Negligence § 63, p. 554:
>
> > 'One who has, through his negligence endangered the safety of another may be held liable for injuries sustained by a third person in attempting to save such other from injury.'
>
> It has been applied in the jurisdictions which have adopted it only where the situation which invites rescue is created by the tortious act of the defendant or by one for whom he is responsible. 65 C.J.S., Negligence, § 124, p. 738."

111 N.E.2d at 284. The court then refused to apply the rescue doctrine because the defendants did not owe a direct duty of care to the child and thus, there could be no underlying negligent conduct by the defendants that created a situation inviting rescue. *Id.* at 295. In *Lambert v. Parrish,* the Court of Appeals of Indiana addressed the applicability of the rescue doctrine. After quoting the above language from *Neal,* the court stated:

> "[I]t appears the rescue doctrine applies where the tortious act of the defendant or his agent has created a 'situation which invites rescue' by endangering the safety of the victim of the tort, and a third person is injured in the course of attempting to rescue the victim."

467 N.E.2d at 795.

 Applying the law as set forth above with respect to the rescue doctrine to the facts of the Clem case, the court can only conclude that rescue doctrine is not applicable in this case. The NPS did not breach any duty owed to the Clems, the NPS committed no tortious act endangering the safety of Mrs. Clem and did not create any situation inviting rescue.

For the foregoing reasons, plaintiff's motion under Rule 59 of the Federal Rules of Civil Procedure is DENIED. SO ORDERED.