ADAMS v. SCHNEIDER ET AL.

[No. 9,956. Filed October 29, 1919.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*City Schools.—Powers of School Board.—School Athletics.*—The powers conferred on city school boards are broad enough to permit such boards to arrange for the conduct of field day exercises by their schools. p. 255.

2. OFFICERS.—*Discretionary Acts.—Immunity from Personal Liability.*—A duty is discretionary when it rests with the officer to determine whether he should perform a certain act, and if so, in what way; and, in the absence of corrupt motives, he is not liable for the exercise of such discretion. p. 255.

3. OFFICERS.—*Ministerial Acts.—Personal Liability for Negligence.*—The duties of an officer in the performance of an act which he has, in the exercise of a discretionary power, determined shall be done, are ministerial, and for negligence in the performance thereof, which results in injury, he may be liable. p. 255.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Field Day Exercises.—Members of Board.—Discretionary Acts.—Personal Liability.*—The acts of members of the school board of a city, in determining to hold field day exercises, and the manner in which they shall be conducted, were discretionary, and for injuries resulting therefrom they were not personally liable. p. 258.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Members of School Board of City.—Ministerial Acts.—Personal Liability.*—The acts of members of the school board of a city in preparing for field day exercises and in the general management thereof, were ministerial acts, for the negligent performance of which by themselves, by their agent, or by an independent contractor, they were personally liable. p. 258.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Clerk of School Board.—Ministerial Acts.—Personal Liability.*—The acts performed by the clerk of a city school board in having seats constructed for use by spectators at field day exercises by direction of the school board were ministerial; and, if negligently performed, he was jointly liable with the members of the board for any resulting injury. p. 258.

7. NEGLIGENCE.—*Theaters and Shows.—Dangerous Structures.—Failure to Discover Conditions.*—One who owns or controls a place of public entertainment must know that the place is safe for public use, and use care and diligence to keep it safe; and want of knowledge of defective conditions discoverable in the use of ordinary care will not excuse him from liability for injuries occasioned by his neglect. p. 259.

8. NEGLIGENCE.—*Theaters and Shows.—Dangerous Structures.—Independent Contractor.*—One who owns or controls a place of public entertainment is not relieved from liability for injuries occasioned by the dangerous condition of the place by the fact that an independent contractor intervened in the preparation of such place for, or in the conduct of, an entertainment therein. p. 259.

9. NEGLIGENCE.—*Theaters and Shows.—Right of Patrons to Assume Safety of Place.*—Those who attend and pay for admission to a place of entertainment have a right to assume that a safe place has been prepared for them, and need not inspect the surroundings to determine whether they are safe. p. 259.

From Warrick Circuit Court; *Ralph Roberts,* Judge.

Action by Margaret Adams against Jacob U. Schneider and others. From a judgment for the defendants, the plaintiff appeals. *Reversed.*

*John H. Luckett, Charles F. Werner, U. W. Youngblood* and *Eugene H. Iglehart,* for appellant.

*J. R. Brill, F. H. Hatfield* and *J. W. Brady,* for appellee.

NICHOLS, P. J.—This action was in tort for damages resulting from personal injuries sustained by the appellant caused by the collapse of a tier of seats, one of which she occupied at appellees' invitation while patronizing a public exhibition for hire, given by appellees, and for admission to which the appellant had paid the charge required.

It is averred in the complaint in substance that: On May 22, 1914, the appellees gave, maintained and conducted for profit at the baseball park in the city of Evansville, a public exhibition and place of amusement and entertainment known as a "Field Day Exhibition." On and prior to said date the appellees invited the public to attend the same, and charged twenty-five cents admission with an additional charge for certain seats. Appellant accepted such invitation, purchased tickets, on the surrender whereof she was duly admitted and invited to occupy, and did occupy one of the tiers of temporary seats erected by appellees. While she was so seated, the seats gave way and fell to the ground, whereby the appellant was thrown violently to the ground amid a struggling mass of people, and severely injured. That at all times referred to, the management, maintenance, and supervision of said premises and seats, as between appellant and appellees, were in the exclusive power and control of the appellees. At the time of such injury and at the time the public were so invited to attend, said seats were not in a safe condition for such purpose, and were not strong enough to hold the people intended and suffered by appellees to

occupy them.  Appellees negligently invited and permitted a large crowd of people, including appellant, to occupy such seats, as aforesaid, while the same were in such weak and unsafe condition.  As a result of such negligence said seats gave way as aforesaid, and thereby appellant was injured to her damage in the sum of $10,000 for which amount she prays judgment.

There was no demurrer to the complaint, but each appellee separately answered with a general denial. On change of venue, the case was tried in the Warrick Circuit Court.  On trial, the appellant dismissed her action as to the defendant Tomlin.  Appellant having introduced her evidence and rested, the appellees each moved the court to direct a verdict in his favor, each of which motions was by the court sustained, to which ruling the appellant excepted, and, the jury having returned a verdict according to such instructions for appellees, the court rendered judgment thereon that the appellant take nothing by her suit, and that the appellees should recover from the appellant their costs, to which judgment the appellant duly excepted.  Thereafter the appellant filed her motion for a new trial, in which she specified as error:  The court's ruling in sustaining the motion of each of the appellees to instruct the jury to return a verdict for such appellees and each of them; in so instructing the jury to return a verdict for each of the appellees; that the verdict is not sustained by sufficient evidence; that the verdict is contrary to law, and that the court erred in rendering judgment on the verdict of the jury against the appellant and in favor of each of the appellees.  This motion was overruled by the court, to which ruling the appellant

excepted, and now on appeal assigns as error the ruling of the court in overruling her motion for a new trial. It appears by the evidence in this case that the appellees Rosencranz, Strouse and Schneider were members of the school board of the city of Evansville. The defendant Tomlin was superintendent of such schools, and the appellee Fisher was clerk of the school board. As such clerk it was part of his duty to make out payrolls, to attend to paying bills for the board, to look after the work generally and to transact minor matters of business for the board in which matters he had discretion. It had been the custom of the school authorities of the city of Evansville to conduct what is commonly known as "Field Day Exercises," such exercises having been conducted in substantially the same way for the past fourteen or fifteen years. In the year 1914, it having been determined to conduct such field day exercises as theretofore, the said appellees, members of the school board, directed the said appellee Fisher, clerk, to make arrangements therefor, a part of which consisted in constructing the seats, the falling of which resulted in the injury that is involved in this action. This authority to make arrangements for said field day exercises, and further to conduct the management of the ball park on field day, was given to appellee Fisher at a meeting of such school board. The said appellees, members of the school board, directed said Fisher to have the seats constructed, and thereupon he hired one Poelhuis to construct them, he having been the person who had done so for the two previous years. Poelhuis was instructed to put up the same kind of seats that he had built theretofore and was given no plans. He furnished the lum-

ber and took it away and owned it afterward. Appellee Fisher had nothing further to do with the construction of the seats, and did not see them until about two o'clock on the day of the accident, which was a short time before it occurred. He had then gone to the grounds for the purpose of getting everything in running order, being in charge of the management for the day, and with furnishing the facilities and getting everything to running smoothly. He was assisted in such duties by the janitors, teachers and policemen, whom he instructed in a general way to perform their duties as they had on previous occasions. Appellees Schneider, Strouse and Rosencranz had nothing to do with the entertainment further than hereinbefore set out, nor the selection of the person to build the seats, except to authorize appellee Fisher to have the work done as it had been done before. The said Poelhuis was furnished no plans or specifications and was left to his own independent judgment in all matters pertaining to the selection of materials, and the manner and plan of erecting said seats. There was no inspection of them until after the accident, when it was discovered that only six and eight-penny nails had been used, the seat boards only being nailed occasionally, "here and there." There was no sufficient bracing. Other than the appellant's injuries and the extent of the same, this is the substance of all the evidence given in this case, and at the conclusion of which, upon motion of each of the appellees, the jury was instructed to return a verdict against the appellant and in favor of each of the appellees. It will be observed that this action is not against the school board as such, or the city schools, but that it is an action against the respective

members of the school board and the clerk thereof individually.

It is made the duty of school trustees of cities. to take charge of the educational affairs of their respective cities, and to provide a suitable apparatus and other articles and educational appliances necessary for thorough and efficient management of the schools (§6410 Burns 1914, Acts 1901 p. 514); to provide for the teaching of such branches as they may from time to time direct (§6582 Burns 1914, §4497 R. S. 1881); to care for and manage all property belonging to their corporation (§6412 Burns 1914, Acts 1907 p. 385); and to receive donations made to school corporations, the use of which is within the discretion of such trustees (§§6628-6632 Burns 1914, Acts 1901 p. 555). It is further made their right to equip playgrounds, and to control the same (§§6555o1, 6555q1 Burns 1914, Acts 1909 p. 197, §§1, 3). It need hardly be said that these powers of such boards are discretionary powers, and that in their scope they are broad enough to permit such school boards, in their discretion, to make all proper arrangements for the conduct of field day exercises, which, as a matter of common knowledge, go to the physical education of the pupil and his development in athletics. A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and if so in what particular way, and in the absence of corrupt motives, in the exercise of such discretion, he is not liable. His duties, however, in the performance of the act, after he has once determined that it shall be done, are ministerial, and for negligence in such performance, which results in in-

jury, he may be liable in damages. *Bates* v. *Horner* (1893), 65 Vt. 471, 27 Atl. 134, 22 L. R. A. 824.

In each of the following cases, from which we do not need to quote, the powers held by the officer were held to be discretionary powers for which he was not liable: *Lynn* v. *Adams* (1850), 2 Ind. 143; *Morrison* v. *McFarland* (1875), 51 Ind. 206; *Butler* v. *Haines* (1881), 79 Ind. 575; *Houston* v. *Board, etc.* (1862), 18 Ind. 396; *State, ex rel.* v. *Gough* (1913), 55 Ind. App. 118, 103 N. E. 448; *Lamphier* v. *Karch* (1915), 59 Ind. App. 661, 109 N. E. 938; *Baker* v. *State* (1867), 27 Ind. 485; *Walker* v. *Hallock* (1869), 32 Ind. 239; *Spitznogle* v. *Ward* (1878), 64 Ind. 30; *McOsker* v. *Burrell* (1876), 55 Ind. 425.

In the last case cited a clear distinction was made between discretionary or judicial acts and ministerial acts, for the first of which there is no liability, but for the second of which there may be. In Clark and Skiles on Agency, the rule is well stated that: ''Where an agent is guilty of misfeasance, that is, where he actually entered upon the performance of the duties to his principal, and in doing so fails to respect the rights of others, by doing some wrong, whether it be a wrong of omission or a wrong of commission, as where he fails or neglects to use reasonable care or diligence in the performance of his duties, he will be personally responsible to third person who is injured by reason of such misfeasance; the agent's liability in such case is not based upon the ground of agency but upon the ground that he is a wrong doer.'' Following this doctrine in the case of *Shepherd* v. *Lincoln* (1837), 17 Wend. (N. Y.) 249, it was held that for misfeasance it is enough to prove negligence or mismanagement. In that case the superintendent

in due course of his employment was repairing a bridge, and had caused some timbers to be removed which left the bridge improperly guarded, and the plaintiff, in attempting to drive across same in the nighttime, with his horse and wagon, fell through and was injured. It was held that the superintendent was liable, his act not being an act of nonfeasance in omitting to repair, for he had entered upon his work, but that the injury arose from his mismanagement. His obligation to avoid negligence was incident to the business he was prosecuting, whether in a public office or as a private person. It is not a case of nonfeasance but of misfeasance.

The case of *Tearney* v. *Smith* (1877), 86 Ill. 391, was an action for damage for the careless, improper and negligent manner in which the defendants, as commissioners of highways, had cut and dug a drain and graded an embankment so near the premises of the plaintiff, and so unskilfully, as to cause the rain and surface water running from the ditches and drains into and upon the lands of the plaintiff to his injury and the injury of certain walls, fences and ditches. It was held that the facts established the unskilful and careless manner in which the defendants discharged their duty; that the public had an undoubted right to have the highway constructed and the commissioners to construct the same, but that they had no right to use such rights in such way as to injure others, that their acts in constructing were ministerial acts for which they were personally responsible.

In *McCord* v. *High* (1868), 24 Iowa 336, it was held that the construction by a road supervisor of a crossing of a stream over which a highway passed is a

ministerial act, and must be so performed that the person through whose land the stream meanders will not be injured thereby, in the diversion or diminution of said stream. The supervisor, as such, was required by law to keep the highways in repair and, in the performance of this duty, he determined when and where repairs were necessary and what work should be done in order to effect the repairs. Such determination was regarded as of a judicial nature, for which he was not liable, but he was also required to direct the work of making the repairs that he had determined upon. This was simply a ministerial duty and negligence in its performance made him liable for damages.

In harmony with the foregoing authorities, we hold that the appellees, members of the school board, in determining that there should be field day exercises in connection with their school were acting within their jurisdiction, and that such act, together with their action in determining the manner in which such exercises should be conducted, was discretionary, and that for injuries resulting therefrom they were not liable; but that the duties performed in making preparation for such field day exercises and the general management thereof were ministerial acts, for the negligent performance of which, if so performed, whether performed by themselves, by their agent, or by an independent contractor, they were liable for damages for injuries suffered by reason thereof. It follows that the duties performed by the appellee clerk of the board were ministerial acts, and for their negligent performance, if so performed, he was jointly liable with his coappellees.

It is a fundamental principle that one who owns or controls a place of public entertainment is charged with the affirmative, positive obligation to

7. know that such place is safe for public use, and he impliedly warrants such place to be safe for the purpose for which it is designed. He

8. is required to use care and diligence to keep the place safe for those in attendance and, failing to do so, he may be held liable for injuries

9. occasioned by his neglect. His want of knowledge of defective conditions which by the exercise of reasonable care he might have discovered will not excuse him, nor will the fact that an independent contractor intervened in the preparation for or conduct of the entertainment. Those who accept the invitation to attend and who have paid the admission fee have a right to assume that a safe place has been prepared for them and it is not to be expected of them that they make an inspection of the surroundings for the purpose of determining whether or not they are safe. 38 Cyc 268; *Valentine Co.* v. *Sloan* (1913), 53 Ind. App. 69, 101 N. E. 102; *Higgins* v. *Franklin County Agrl. Soc.* (1905), 100 Me. 565, 62 Atl. 708, 3 L. R. A. (N. S.) 1132 (with case note). *Emery* v. *Minneapolis Industrial Exposition* (1894), 56 Minn. 460, 57 N. W. 1132; *Thornton* v. *Maine State Agrl. Soc.* (1902), 97 Me. 108, 53 Atl. 979, 94 Am. St. 488; *Currier* v. *Boston Music Hall* (1883), 135 Mass. 414; *Curtis* v. *Kiley* (1891), 153 Mass. 123, 26 N. E. 421; *Richmond, etc., R. Co.* v. *Moore's Admr.* (1897), 94 Va. 493, 27 S. E. 70, 37 L. R. A. 258; *Hawver* v. *Whalen* (1892), 49 Ohio St. 69, 29 N. E. 1049, 14 L. R. A. 828.

The facts in this case were such that the question of liability should have been submitted to the jury, and the court erred in directing the verdict. The judgment is reversed, with instruction to the trial court to grant a new trial.