CRYSTAL PALACE CO., Inc., v. NELSON et al.  (No. 3450.)

Court of Civil Appeals of Texas. Texarkana. Nov. 17, 1927.

1. Negligence 136(25)—Whether injury to patron slipping from rings above swimming pool, and falling on broken tiling, was proximately caused by failure to repair tiling, held for jury.

In action for injuries to patron falling on broken tiling in defendant's swimming pool after slipping from rings above pool, question whether proximate cause of injury was patron's inability to hold on to rings, or defendant's negligence in failing to discover and repair tiling, *held* for jury.

2. Negligence 134(7)—Finding of defendant's knowledge of defective tiling in swimming pool, injuring patron, held supported by testimony.

In action by patron of defendant's swimming pool for injuries caused by striking broken tiling when slipping from rings above pool, finding that defendant knew, or should have known, condition of tiling, was not without support in testimony showing that break was very dark, and an old break.

3. Damages 132(6)—$950 damages for four-inch cut above right ankle, healing in five weeks, leaving visible scar, held excessive by $450.

Where patron of swimming pool, injured by falling on broken tiling, received cut three inches long about one-half inch deep above right ankle, which took about five weeks to heal, and caused pain for three or four weeks, resulting in inability of patron to attend to household duties, and leaving scar visible through her stocking, damages of $950 was excessive by $450.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Mrs. Myra Nelson and husband against the Crystal Palace Company, Inc. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed on condition plaintiffs file remittitur; otherwise reversed.

Appellee Mrs. Myra Nelson, joined by her husband, commenced and prosecuted this suit to a judgment against appellant, Crystal Palace Company, for damages for personal injury she claimed she suffered while in its public swimming pool in Galveston. She alleged and proved that, having paid "the sum required of her for admission" to the pool, she "was swinging on one of the round rings above the pool when her hand slipped, and she fell to the tiling on the west coping or edge thereof, injuring her right leg just above the ankle by striking a broken tile."

She alleged, further, that it was appellant's legal duty to maintain the pool in a reasonably safe condition, and that it was guilty of negligence, which was a proximate cause of the injury she suffered, in that "at the time of said injury and accident, and for some time prior thereto, the tiling was defective, in that part of it had been broken out, leaving an unsanitary, slime-covered, sharp, jagged edge, and leaving same in an unsafe, treacherous, and dangerous condition, and that the use and operation of said premises in such condition was dangerous and hazardous to the public, and particularly to this plaintiff, all of which was unknown to this plaintiff, but was known to defendant, its agents, managers, servants, and employees, or could have been known by the exercise of ordinary care."

Appellant's answer to the suit consisted of a general denial and pleas charging appellee with contributory negligence in swinging on the rings as she did.

On special issues submitted to them the jury found: (1) That the tiling was broken as charged; (2) that, by the exercise of ordinary care, appellant could have known the condition of the tiling before the accident happened, and, in fact, did then know its condition; (3) that, in failing to repair the defect in the tiling, appellant was guilty of negligence, which was a proximate cause of the injury to appellee; (4) that appellee was not guilty of contributory negligence as charged against her; and (5) that she was damaged in the sum of $1,000. On the findings specified the court rendered judgment in appellee's favor for $950; she having filed a remittitur of $50 of the amount found in her favor by the jury.

Hunt & Teagle, of Houston, for appellant.
Levy, Levy, Barker & Kahn, of Galveston, for appellees.

WILLSON, C. J. (after stating the facts as above). On the theory that the evidence did not warrant a finding that negligence charged against it was the proximate cause of the injury to appellee, appellant requested the trial court to instruct the jury to return a verdict in its favor, and in its first assignment of error complains here because the court refused its request. The argument in support of the assignment is based on appellee's testimony as a witness as to how the accident happened. She said:

"I was swinging on the rings right above the pool, and I slipped, and in my fall I struck the broken tile in the coping. * * * I had just started to swing. I was swinging, and my hand slipped."

[1] Appellant says the accident would not have happened if appellee had not fallen as she did, and that she would not have fallen if her hand had not slipped from the ring, and argues that the proximate cause of the injury she suffered, therefore, was "undisputably (quoting) her inability to hold onto the rings." But we think the jury had a right to say appellee would not have been injured by falling as she did if the tiling had not been broken, and to say, further, that appellant ought to have contemplated injury might result to its patrons, if it permitted the tiling to be broken as it was, and to conclude that the proximate cause of the injury to appellee, therefore, was the failure of appellant to discharge duty it owed her to discover and repair the defect in the coping. 38 Cyc. 268 et seq.; 26 R. C. L. 713 et seq.; Adams v. Schneider, 71 Ind. App. 249, 124 N. E. 718; Lusk v. Peek, 132 App. Div. 426, 116 N. Y. S. 1051; Redmond v. National Horse Show Ass'n, 78 Misc. Rep. 383, 138 N. Y. S. 364; Glynne v. Exhibition Co., 204 App. Div. 757, 198 N. Y. S. 751; Theatre Co. v. Lutz, 210 Ky. 92, 275 S. W. 16. The case is not like T. & P. Ry. Co. v. Kelly (Tex. Civ. App.) 78 S. W. 372, and others cited by appellant. In the Kelly Case the railroad company had obstructed a public street, and the plaintiff was injured in going around the obstruction and onto the company's property. In holding the negligence of the company in obstructing the crossing was not the proximate cause of the injury to the plaintiff, the court said the railroad company owed him no duty "to keep its tracks so they could drive over them safely except on highways and crossings, and they undertook to cross where they did at their own peril."

[2] There is no merit in the contention that the finding of the jury that appellant knew, or should have known, the condition of the tiling was without support in the testimony. Appellee as a witness testified with reference to the broken tiling:

"It was an old break, because it was very dark; it looked as if it had been very old."

[3] Appellant insists the judgment is excessive, and we agree it is. The injury to appellee was a cut three or four inches long, and about half an inch deep just above her right ankle. She testified the healing of the

wound was completed in about five weeks, and that during three or four of the five weeks she suffered pain, and "was not able to attend to household duties." The only permanent effect of the injury was a scar, which, appellee testified, was visible through her stocking.

The judgment will be reversed, unless appellee, within ten days from this date (to wit, November 17, 1927), files a remittitur of $450 of the amount adjudged to her by the court below, in which event the judgment will be so reformed as to allow appellee a recovery of $500 only, and, as so reformed, will be affirmed.