**CITY OF HAMMOND, Appellant (Defendant Below),**

v.

**Ray CATALDI and Yolando Cataldi, d/b/a Cataldi Brothers Restaurant, Appellees (Plaintiffs Below),**

**and**

**Loughlin & Sons, Inc. and Ansul Fire Company, Defendants Below.**

No. 3–283A54.

Court of Appeals of Indiana, Third District.

June 23, 1983.

Robert G. Berger, Hammond, for appellant.

Vernon J. Petri, Petri, Fuhs & Doehrman, P.C., Indianapolis, for appellees.

STATON, Judge.

After a fire which damaged the Cataldi Brothers Restaurant in Hammond, Indiana, Ray and Yolando Cataldi (hereinafter "Cataldis"), owners of the restaurant, brought suit against the city of Hammond (hereinafter "city")[1], alleging that the city's negligence in fighting the fire resulted in the destruction of the restaurant. The city moved for summary judgment and the trial court denied the motion. Following certification by the trial court,[2] the city brings this interlocutory appeal. The issue raised is whether the city is immune from liability for the destruction of a restaurant due to alleged negligence on the part of the fire department.

Reversed.

The Cataldis' restaurant caught fire on August 8, 1980. The fire department was summoned and fought the fire; however, the restaurant was destroyed. The Cataldis sued the city, among other defendants, alleging:

> "10. That when the fire initially erupted the City of Hammond fire department was summoned and that upon arrival at the plaintiffs' restaurant the said fire department commenced to fight the fire; however, because of the negligent training, supervision and administration of the department by the officials in charge, the fire was not controlled and extinguished resulting in the total destruction of the premises.
>
> "11. That the City of Hammond was negligent and careless in one or more of the following particulars:
>
> "(a) in failing to supervise the department so that there would be sufficient number of men for the equipment intended to be used;

---

1. The complaint names other defendants who are not involved in this appeal.

2. Ind.Rules of Procedure, Appellate Rule 4(B).

"(b) in failing to supervise and train its firemen in the controlling and extinguishing of fires under the conditions existing at the time of the Cataldi fire;

"(c) in failing to have adequate equipment and manpower;

"(d) in causing the spread of the fire by erroneous and negligent fire fighting methods. . . ."

(Record, pp. 11–12).

The city moved for summary judgment on the grounds that the actions taken by the fire department were discretionary and therefore the city is immune from suit under the Indiana Tort Claims Act, IC 1976, 34–4–16.5–3 (Burns Code Ed., Supp.1982). The trial court denied summary judgment, concluding in part:

"2. That I.C. 34–4–16.5–3 entitled 'Immunity from Liability' provides in part: A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

(6) the performance of a discretionary function.

"3. That the Indiana Appellate Court in *Adams v. Schnieder* [Schneider] (1919) [71 Ind.App. 249] 124 N.E. 718 defined the term 'discretionary' [124 N.E.] at page 720 as follows:

'A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and if so, in what particular way, and in the absence of corrupt motives in the exercise of such discretion he is not liable. His duties, however, in the performance of the act, after he has once determined that it shall be done, are ministerial, and for negligence in such performance, which results in injury, he may be liable in damages.

"4. That some of the actions of the Fire Department of the City of Hammond were ministerial in nature in regard to the issues as stated in the plaintiff's complaint. . . ."

(Record, p. 22).

In reviewing the denial of a summary judgment, we will apply the same standard as that applied by the trial court. *See Integrity Insurance Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347. Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). A genuine issue exists if the trial court would be required to resolve disputed facts, but in order to preclude summary judgment, the conflicting facts must be decisive to the action or a relevant secondary issue. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138.

I.

Discretionary Duty

The traditional doctrine of governmental immunity has been abrogated by the Indiana Tort Claims Act, IC 1976, 34–4–16.5–1 *et seq.* (Burns Code Ed., Supp.1982); however, certain governmental actions are still protected. IC 34–4–16.5–3 provides, in pertinent part:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\*      \*      \*      \*      \*      \*

"(6) the performance of a discretionary function; . . ."

The city asserts that the fire department's actions in fighting the restaurant fire are protected by this exemption. The Cataldis argue that, although the initial decision to fight the fire was discretionary, subsequent actions were ministerial.

The city's immunity depends on whether its actions and the actions of the fire department were discretionary or ministerial in nature:

"A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and, if so, in what particular way, and in the absence of corrupt motives in the exercise of such discretion he is not liable. His duties, however, in the performance of the act, after he has once determined that it shall be done, are ministerial, . . ."

*Adams v. Schneider* (1919), 71 Ind.App. 249, 255, 124 N.E. 718, 720. In contrast, a ministerial act

> "is one which a person performs in a given state of facts in a prescribed manner, in obedience to the mandate of legal authority without regard to, or the exercise of, his own judgment upon the propriety of the act being done."

*State, Dept. of Mental Health v. Allen* (1981), Ind.App., 427 N.E.2d 2, 4. Although the distinction between discretionary acts and ministerial acts is not always clear, the allegedly negligent actions taken in the course of fighting the restaurant fire appear from the record before us to have been discretionary.

Several allegations of the amended complaint concern negligence in training and supervision. Our Supreme Court has stated:

> "Clearly, the employment and supervision of deputies and employees in governmental offices, including the prosecutor's office, is a discretionary function."

*Foster v. Pearcy* (1979), 270 Ind. 533, 387 N.E.2d 446, 450, *cert. denied,* 445 U.S. 960, 100 S.Ct. 1646, 64 L.Ed.2d 235. Therefore, these allegations involve discretionary duties and the city is not liable for any loss resulting from their performance.

■ We disagree with the Cataldis' analysis that once the decision was made to fight the fire, all further actions were ministerial. First, the definition of a discretionary duty includes the determination of how an act should be done. *Adams v. Schneider, supra.* Second, the actions alleged to be negligent required the exercise of judgment by the fire department and by the fire fighters. *See State, Dept. of Mental Health v. Allen, supra.* The Fourth District of this Court considered and rejected a similar argument with respect to police investigation of a crime because

> "[S]uch an analysis belittles the judgments that must be made by police officers concerning methods of investigation, quantum of evidence necessary for arrest, timing of arrest and the like."

*Crouch v. Hall* (1980), Ind.App., 406 N.E.2d 303, 304 (*trans. denied*). Likewise, decisions as to how to fight a particular fire require that judgments be made regarding appropriate methods and techniques for the unique situation presented by that fire. Although it is possible that ministerial actions may be taken in the course of fire fighting, the plaintiffs' allegations do not indicate that the actions they complain of were not discretionary. Therefore, the city is immune from liability as a matter of law and summary judgment should be entered in its favor.

II.

Special Duty

■ The Cataldis argue that, even if the acts were discretionary, the city owed them a special duty and should be liable for loss resulting from its negligence. It is well-established that

> "liability to an individual for damages will not lie where the officer or the public body owes a duty to the general public as a whole, but it is not shown that the officer or public body owes a specific duty or has a special relationship to the individual."

*Crouch v. Hall, supra.* A governmental entity may be liable for losses resulting from the performance of a discretionary action which breached a private duty. *Maroon v. State, Dept. of Mental Health* (1980), Ind. App., 411 N.E.2d 404, 415–16 (*trans. denied*). *See Estate of Tanasijevich v. City of Hammond* (1978), 178 Ind.App. 669, 383 N.E.2d 1081.

Indiana courts have considered the special duty concept in relation to police work. In *Simpson's Food Fair, Inc. v. City of Evansville* (1971), 149 Ind.App. 387, 272 N.E.2d 871, the court held that the city was not liable for the failure of the city police to stop a wave of criminal activity which forced the store to go out of business. Likewise, a police department owes no special duty to the victim of a crime. *Crouch v. Hall, supra.* This Court, in *Estate of Tanasijevich v. City of Hammond, supra,* concluded that a special duty *might* exist

when an individual's property was damaged in retaliation for his cooperation with a police investigation, but also noted that a request for police protection pursuant to cooperation with an investigation does not, alone, give rise to a special duty.

The record before us demonstrates no special relationship between the Cataldis and the fire department which would create a private duty. The fire department's duty to them was in no way different from its duty to any other citizen; its attempt to extinguish the fire was made in response to its general duty to protect the safety and welfare of the public. Therefore, no question of a special duty to the Cataldis precludes the granting of the city's motion for summary judgment.

Reversed.

HOFFMAN, P.J., and GARRARD, J., concur.