Thomas **AYRES** and Helen Ayres,
Appellants (Plaintiffs Below),

v.

**INDIAN HEIGHTS VOLUNTEER FIRE
DEPARTMENT, INC.** and Billy D.
Myers, Trustee of Taylor Township,
Howard County, Indiana, Appellees
(Defendants Below).

No. 2–584–A–146.

Court of Appeals of Indiana,
Second District.

Sept. 9, 1985.

Rehearing Denied Oct. 18, 1985.

Edward S. Mahoney, Lacey, O'Mahoney, Mahoney, Angel & Jessup, Kokomo, for appellants.

Daniel J. Harrigan, Bayliff Harrigan Cord & Maugans, P.C., Kokomo, for appellee Indian Heights Volunteer Dept., Inc.

Sally A. Papacek, Andrews & Papacek, Kokomo, for appellee Billy D. Myers, Trustee of Taylor Tp., Howard County, Ind.

SULLIVAN, Judge.

Helen and Thomas Ayres (Ayreses) appeal from an entry of summary judgment for the defendants, Indian Heights Volunteer Fire Department, Inc. (Fire Department) and Billy D. Myers, Trustee of Taylor Township, Howard County, Indiana (Trustee). The Ayreses present the following two issues:

(1) Whether the trial court erred by converting the defendants' motions to dismiss into motions for summary judgment without giving prior notice to the Ayreses; and

(2) Whether the defendants are immune from liability for allegedly negligent actions in fighting a fire under the doctrine of governmental immunity.

Ayreses sued the Fire Department for its alleged negligence in fighting a fire in which Ayreses lost their garage and its contents. Trustee was sued for allegedly violating his statutory duty to furnish the owners of real estate within his jurisdiction reasonable and safe fire protection. In their complaint, filed September 7, 1983, the Ayreses alleged:

"1. On the 20th day of January, 1983, at or about 10:30 A.M., plaintiffs had a fire in their enclosed Ford truck in the driveway of their residence, 5206 Algonquin Trail, Kokomo, Indiana.

2. The Defendant, Indian Heights Volunteer Fire Department, was called by a neighbor of Plaintiffs and upon arrival at the scene told a neighbor who was extinguishing the fire with his hand extinguisher to get out of the way; whereupon the firemen sprayed a large fire extinguisher into the rear of the truck with such force that it blew the burning materials out of the truck and against the fiberglas [sic] door of Plaintiffs' garage causing it to burn.

3. Said firemen had a large fire hose, but were unable to get it to work until after setting the garage door afire; then, when they got the hose working, they ignored the request of Plaintiff Helen Ayres to enter the service entrance and spray from the inside so as to keep the fire from entering the garage where Plaintiffs had stored valuable merchandise; instead, they sprayed from the outside, blowing the fire from the burning door into the garage and totally destroying the garage and its contents.

\* \* \* \* \* \*

5. The Defendant, Billy D. Myers, Trustee of Taylor Township, Howard County, Indiana, is made a party Defendant to this action because of his statutory duty to furnish the owners of real estate within his jurisdiction with reasonable and safe fire protection." Record at 15–16.

On September 20, 1983, the Fire Department filed its answer to the complaint denying the general allegations and also filed a Trial Rule 12(B)(6) motion to dismiss based upon the doctrine of governmental immunity alleging that its actions were discretionary functions for which the Indiana Tort Claims Act provides immunity. I.C. 34-4-16.5-3(6) (Burns Code Ed.Supp.1984). In his answer three days later, Trustee admitted his statutory duty to provide fire protection but denied that he had breached that duty. Trustee also accompanied his answer with a motion to dismiss under Trial Rule 12(B)(6).

On October 12, 1983, Ayreses filed interrogatories to each defendant inquiring as to the existence and for the production of any written contract for fire protection. On November 16 and 17, 1983, the defend-

ants filed answers to these interrogatories admitting the existence of such a contract and producing copies of it. On December 15, 1983, the trial court heard arguments on the motions to dismiss and on January 17, 1984, the court entered the following judgment:

#### "RULING

Court having taken under advisement the defendants' motions to dismiss, and having considered the answers to interrogatories filed herein, the Court now finds that this matter is a motion for summary judgment pursuant to Trial Rule 56. Further, the Court finds that there are no material issues of fact and Court now orders summary judgment for the defendants, and each of them, and against the plaintiffs herein. Costs to the plaintiffs.

#### DISCUSSION

The parties correctly argue that the Indiana Tort Claims Act provides for immunity from suit for the performance of a discretionary function. The defendants argue that the *City of Hammond v. Cataldi* [(1983) 3d Dist., Ind.App.] 449 N.E.2d 1184, provides a definition of 'discretionary function' along with other cites given dealing with prosecuting attorneys and others.

In the instant case, the Indian Heights Volunteer Fire Department contracted with the Taylor Township Trustee to provide fire protection. The determination by the Township Trustee of the provider of the service and the contract entered was a ministerial function of defendant trustee. Once the contract is completed and the Volunteer Fire Department enters into the general performance of the contract, the manner of providing fire protection is also a ministerial function. This however can be distinguished from the manner in which the particular fire is combatted, which is a discretionary function, by the fact that all fires are different and require separate and distinct judgments as to the proper manner of combatting. Therefore, improperly fighting a fire does not give rise to liability on the part of the Volunteer Fire Department or the Township Trustee as such was a discretionary function as concerns that particular fire.

SO ORDERED THIS 17TH DAY OF JANUARY, 1985.

> s/ Dennis H. Parry
> DENNIS H. PARRY
> JUDGE, HOWARD SUPERIOR COURT"

Record at 67–68.

### I.

■ Ayreses contend that the trial court improperly converted the defendants' motions to dismiss for failure to state a claim under Trial Rule 12(B)(6) into motions for summary judgment under Trial Rule 56. They claim that they first received notice of this conversion upon receipt of the court's judgment. The Ayres argue that while a trial court may treat a motion to dismiss as a motion for summary judgment by considering matters outside the pleadings, it must abide by the provisions of Trial Rule 56 which mandate that the trial judge give the parties ten (10) days notice that a hearing will be conducted upon the summary judgment motion.

Ayreses present the same basic argument encountered by the First District of this Court in *Carrell v. Ellingwood* (1981) 1st Dist.Ind.App., 423 N.E.2d 630. We find that panel's analysis of the inter-relationship between the two trial rules persuasive:

"The provision of T.R. 56(C) quoted above [ten day notice of hearing] was designed for the usual situation where the motion was filed as a motion for summary judgment which would generally contain supporting materials. That a hearing date is to be set prospectively serves to allow sufficient time for the opposing party to file his matters in opposition to the motion, as well as the usual purposes of allowing time for preparation for any hearing. A peremptory ruling on a motion for summary judg-

ment is not intended. However, where a court treats a motion to dismiss under T.R. 12(B)(6) as a motion for summary judgment under T.R. 56, as here exists, a slightly different circumstance is posed and a different rule is invoked. T.R. 12(B)(8) requires the court, in such circumstances, to grant the parties 'a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' Failure to do so is reversible error. *Foster v. Littell,* (1973) 155 Ind. App. 627, 293 N.E.2d 790." 423 N.E.2d at 634.

Indeed, Trial Rule 12(B) specifically provides for the conversion of a motion to dismiss into a motion for summary judgment and for the time period in which the parties may respond to such a conversion:

"If, on a motion, asserting the defense number [12(B)] (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In *Carrell, supra,* 423 N.E.2d 630, and *Foster v. Littell, supra,* 293 N.E.2d 790, the trial courts considered matters outside the pleadings and converted the 12(B)(6) motions into motions for summary judgment without holding hearings or giving the parties notice that they were doing so. In both instances this was held reversible error because the trial courts did not allow the opposing parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ind.Rules of Procedure, Trial Rule 12(B)(8). The question thus becomes whether the trial court here presented Ayreses with such an opportunity.

The court held a hearing upon the defendants' motions and while it is clear from the transcript that all parties and the court referred to the hearings as one upon the motions to dismiss, it is also apparent that the court and the parties treated the hearing as the functional equivalent of a hearing on motions for summary judgment. The trial court, in opening the hearing, specifically called for the submission of "any evidence" or argument. Record at 95. The record before us reveals that Ayres filed with the trial court interrogatories and request for production of documents. Both defendants filed answers to these interrogatories and produced the written contract requested. All parties referred to these answers and the contract during their presentations at the hearing.

Because it was apparent that matters outside the pleadings were presented to and not excluded by the trial court, it was error for that court to refer to the hearing as one on the motions to dismiss and not provide the parties with notice that it was converting the motions into ones for summary judgment. However, because the parties availed themselves of the opportunity to present evidence pertinent to summary judgment motions, we fail to see how Ayreses were prejudiced by the lack of prior formal notice. In neither the motion to correct errors nor their appellants' brief are we informed by the Ayreses of what material or evidence they would have presented at the hearing had they known it was one for summary judgment or how any such material might have altered the outcome. In this situation where the party opposing the conversion presents no substantiated argument of how such notice would have altered his presentation at the hearing, the error is deemed harmless. *See Milwaukee Typographical Union No. 23 v. Newspapers, Inc.* (7th Cir.1981) 639 F.2d 386, 391, *cert. denied* (1981) 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119; *Chicago-Midwest Meat Association v. City of Evanston* (7th Cir.1978) 589 F.2d 278, 282, *cert. denied* (1979) 442 U.S. 946, 99 S.Ct. 2895, 61 L.Ed.2d 318 (where no potential disputed material issue of fact exists, a summary judgment will not be disturbed even though the district court disregarded the procedure which should have been followed). *See also Choudhry v. Jenkins*

(7th Cir.1977) 559 F.2d 1085, 1089, *cert. denied* 434 U.S. 997, 98 S.Ct. 634, 54 L.Ed.2d 491, and *Macklin v. Butler* (7th Cir.1977) 553 F.2d 525, 528 (where the record discloses the existence of unresolved material factual issues, or where the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity, the appellate court will find that summary judgment was inappropriate). In this case Ayreses have failed to show that they were prejudiced by the trial court's treatment of the motions to dismiss as motions for summary judgment and, therefore, the court's failure to follow the proper procedures for such a conversion does not constitute reversible error.

## II.

Ayreses contend that defendants were not entitled to summary judgment. They allege that the specific acts of negligence on the part of the Fire Department were ministerial acts and therefore the Indiana Tort Claims Act does not provide immunity. Secondly, Ayreses contend that even if the negligent acts were discretionary, the Fire Department, through its contract with the Township Trustee, had assumed a special or private duty, the breach of which results in liability for the governmental entity. *See Estate of Tanasijevich v. City of Hammond* (1978) 3d Dist. 178 Ind.App. 669, 383 N.E.2d 1081.

Ayreses claim that the Trustee is liable for the negligent acts of the Fire Department because the selection of the Fire Department by the Trustee was made pursuant to a statute, I.C. 36–8–13–2, and, therefore, was a ministerial act for which the Indiana Tort Claims Act does not provide immunity. *See State Department of Mental Health v. Allen* (1981) 4th Dist. Ind. App., 427 N.E.2d 2, 4, *reh. denied* 432 N.E.2d 435 (1982). Additionally Ayreses contend that even if the selection of the Fire Department by Trustee was a discretionary act within the meaning of the Indiana Tort Claims Act, the Trustee, pursuant to its contract for fire protection with the

Fire Department assumed a "special or private duty" to the Ayres.

 In reviewing the granting of a motion for summary judgment, the Court of Appeals applies the same standard applicable in the trial court. *Jones v. City of Logansport* (1982) 3d Dist.Ind.App., 436 N.E.2d 1138, *reh. denied* 439 N.E.2d 666. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C); *Kahf v. Charleston South Apartments* (1984) 2d Dist.Ind.App., 461 N.E.2d 723. We must reverse the grant of a summary judgment motion if the record discloses an unresolved issue of material fact or an incorrect application of the law to those facts. *Jones v. City of Logansport, supra,* 436 N.E.2d 1138. When a motion for a summary judgment is sustained, the non-prevailing party is prevented from having his day in court and, therefore, the determination of the trial court on the motion must be carefully scrutinized on appeal. *Middelkamp v. Hanewich* (1977) 3d Dist. 173 Ind.App. 571, 364 N.E.2d 1024. In considering the motion for summary judgment, the contents of all pleadings, affidavits and testimony are liberally construed in the light most favorable to the non-moving party. *Kahf v. Charleston South Apartments, supra.* "Although Trial Rule 56 permits the introduction of affidavits, depositions, admissions, interrogatories and testimony to aid the court in the resolution of the motion for summary judgment, the procedure involved is not a summary trial." *Jones v. City of Logansport, supra* at 1143.

 Although normally we will not decide the merits of an appeal upon grounds not argued by the parties, nor submitted to the trial court, we are obligated to ascertain the correct law applicable to the facts if to do otherwise would be to render a clearly erroneous appellate decision.

As stated in *Allied Structural Steel Co. v. State* (1970) 148 Ind.App. 283, 265 N.E.2d 49, 57:

"In this connection, we feel bound to state that once the merits of an appeal are reached, it is the solemn obligation of this court to determine the law which controls the decision, whether or not counsel for one or both parties adequately perform his or their appellate duties."

*See also Lee v. Estate of Cain* (1985) 3d Dist. Ind.App., 476 N.E.2d 922; *Four Winns, Inc. v. Cincinnati Insurance Co.* (1984) 3d Dist. Ind.App., 471 N.E.2d 1187; *McEntire v. Indiana National Bank* (1984) 4th Dist. Ind.App., 471 N.E.2d 1216.

The judgment of the trial court here focused solely upon whether the acts complained of were ministerial or discretionary. Our review, however, must necessarily include another legal concept applicable to this controversy, because we may not affirm a summary judgment unless the moving party is entitled to that judgment "as a matter of law." Trial Rule 56(C).

## A.

### FIRE DEPARTMENT

It is clear from the trial court's explanation of its judgment, as well as from the record, that the court below decided this case on the basis of our Third District's opinion in *City of Hammond v. Cataldi* (1983) Ind.App., 449 N.E.2d 1184. That case involved a similar allegation of negligent fire fighting methods which caused loss of a restaurant. The *Cataldi* court explained that the traditional doctrine of governmental immunity had been abrogated by the Indiana Tort Claims Act, I.C. 34–4–16.5–1 *et seq.* (Burns Code Ed.Supp. 1982). However, as that court observed, certain governmental actions are still protected. Indiana Code 34–4–16.5–3 provides, in pertinent part:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(6) The performance of a discretionary function;"

The *Cataldi* decision explored the distinctions between ministerial acts and discretionary acts of governmental entities. The court held that decisions as to how to fight a particular fire require that discretionary judgments be made regarding the appropriate methods and techniques for the unique situation presented by the fire. Therefore, the city was held immune from liability as a matter of law.

Viewing the record in the light most favorable to the non-moving party, it is clear that the trial court here incorrectly applied the law in granting the Fire Department's motion for summary judgment. As the *Cataldi* court explained, the Indiana Tort Claims Act protects from liability *governmental entities or employees* for negligence associated with the performance of a discretionary function. It does not, however, protect independent contractors of governmental entities from liability for negligence associated with the performance of their contractual duties. Indeed, by its very terms the Indiana Tort Claims Act excludes independent contractors:

"(1) 'Employee' and 'public employee' means a person presently or formerly acting on behalf of a governmental entity whether temporary or permanently or with or without compensation, including members of boards, committees, commissions, authorities and other instrumentalities of governmental entities, and elected officials, *but does not include an independent contractor or an agent or employee of an independent contractor;*

(2) 'Governmental entity' means the state or a political subdivision of the state[.]" I.C. 34–4–16.5–2 (Burns Code Ed.Supp.1984) (Emphasis supplied).

The *Cataldi* case involved a municipal fire department and the defendant was the City of Hammond. As a governmental entity, the Indiana Tort Claims Act protected the city from liability for the negligent performance of discretionary acts. Ayreses, however, brought suit against the Indian Heights Volunteer Fire Department, Inc.

Under Indiana law if a majority of real property owners who live within an area of a township which lies outside a municipali-

ty petition the township trustee and legislative body to provide fire protection services in that part of the township, then the petition shall be granted and the trustee and the legislative body must "proceed without delay to provide for fire protection." I.C. 36-8-13-2 (Burns Code Ed.1981). The trustee of the township, with the approval of the legislative body, may provide that service by one of five alternative methods:

"(1) Purchase firefighting apparatus and equipment for the township and provide for the housing, care, maintenance, operation, and use of it to extinguish fires that occur within the township but outside the corporate boundaries of municipalities, and also employ full-time or part-time firefighters to operate the apparatus and equipment and to fight and extinguish fires occurring in that area;

(2) Contract with a municipality in the township or in a contiguous township that maintains adequate firefighting or emergency services apparatus and equipment to provide fire protection or emergency services for the township in accordance with IC 36-1-7 [36-1-7-1—36-1-7-12];

(3) Cooperate with a municipality in the township or in a contiguous township in the purchase, maintenance, and upkeep of firefighting or emergency services apparatus and equipment for use in the municipality and township in accordance with IC 36-1-7;

(4) Contract with a volunteer fire company that has been organized to fight fires in the township for the use and operation of firefighting apparatus and equipment that has been purchased by the township in order to save the private and public property from destruction by fire, including use of the apparatus and equipment in an adjoining township by the company if the company has made a contract with the executive of the adjoining township for the furnishing of firefighting service within the township; or

(5) Contract with a volunteer fire company that maintains adequate firefighting service in accordance with IC 36-8-12 [36-8-12-1—36-8-12-12]." I.C. 36-8-13-3.

During the hearing the Trustee's attorney referred to the above statute and admitted that the Trustee chose the fifth alternative. The contract between the Trustee and the Fire Department provided that "the department is a volunteer fire department operating in said township, with necessary and proper equipment ..." and the "township has no organization of sufficient equipment for the purpose of fire protection." Record at 45. This provision is indicative of the usual practice of independent contractors to provide their own tools. *See Gibbs v. Miller* (1972) 3d Dist. 152 Ind.App. 326, 283 N.E.2d 592, 595. Additionally, a master-servant relationship, as opposed to an independent contractor relationship, is normally terminable at will. *Id.* Here, the Contract was for a period of one year. The relationship here falls within the classic definition of an independent contractor as

"one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer, except as to the product or result of the work. When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor, and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer does not render the person contracted with to do the work a servant." [Citations omitted.]

*Prest-O-Lite Co. v. Skeel* (1914) 182 Ind. 593, 597, 106 N.E. 365, 367. *See also Smith v. P. & B. Corp.* (1979) 1st Dist. 179 Ind.App. 693, 386 N.E.2d 1232.

█ If a municipality owns the firehouse and equipment operated by a volunteer fire department and membership in the volunteer force is subject to approval of a public body, the fire department is regarded as a government entity and not an independent contractor. *Everett v. Riverside Hose Co. No. 4, Inc.,* (S.D.N.Y.1966)

261 F.Supp. 463. However, if the volunteer fire department is a corporation which owns its own property, buildings and equipment, pays its own non-volunteer employees and enacts its own rules and regulations, it is not a governmental agency. *Utica Mutual Ins. Co. v. Gaithersburg-Washington Grove Fire Dept., Inc.,* (1983) 53 Md.App. 589, 455 A.2d 987.

■ We hold that the evidence contained in the record, when viewed in the light most favorable to the party opposing the motion, leads to the conclusion as a matter of law, that the Fire Department was an independent contractor. Thus the motion for summary judgment as to the Fire Department should have been denied.

### B.

### TOWNSHIP TRUSTEE

■ It must be noted that it is not argued that Trustee was negligent in the selection of Fire Department as the provider of the requisite fire protection service.[1] Rather it is submitted that the negligent acts of the Fire Department in fighting this particular fire are attributable to Trustee by reason of the Trustee's statutory duty to afford fire protection.

■ The duty of the Trustee to provide fire protection is non-delegable. *Center Township of Porter County v. City of Valparaiso* (1981) 3d Dist.Ind.App., 420 N.E.2d 1272 at 1275. That duty is a general duty owed to the citizenry at large.

■ Had the Township chosen to provide the fire protection itself it would have

been insulated from liability in this instance because the acts complained of were discretionary. They involved on-site judgmental decisions as to the particular way in which the fire was to be fought. *City of Hammond v. Cataldi, supra,* 449 N.E.2d 1184. The fact that the Fire Department may not be immune does not diminish the Township's immunity. Trustee is insulated from liability by reason of the Tort Claims Act, unless a special, rather than a general duty, was assumed toward the Ayreses.

### C.

### SPECIAL OR PRIVATE DUTY

Ayreses contend that even if the selection of the Fire Department was a discretionary function, the Trustee owed them a special or private duty by virtue of the contract entered into with Fire Department.[2] Ayreses claim that they are third party beneficiaries of that contract and thus should have specific rights to enforce the alleged joint breach of the contractual agreement to "[prevent] the spread of fire ... and to ... make all possible efforts to save property and lives and prevent loss by fire." Record at 46.

■ A township or its trustee may be held liable in tort for losses resulting from negligence in the performance of, or in the failure to perform, a ministerial duty or a discretionary duty in which a private duty is owed to the plaintiff. *Thrasher v. Van Buren Township of Monroe County* (1979) 1st Dist., 182 Ind.App. 121, 394 N.E.2d 215.

1. Even were we to consider selection of Fire Department as an issue, such selection is discretionary in nature. The provision of fire protection by a Township Trustee under our statutes is not a simplistic ministerial act such as the filing of a form or an entry within a record book. The Trustee must choose between five alternative delivery systems and without question must exercise considerable judgment and discretion in his or her choice. The definition of a discretionary duty includes the determination of how an act should be done. *City of Hammond v. Cataldi, supra,* 449 N.E.2d at 1187. The selection of an independent contractor involves no less discretion than does the selection of an

employee. Since the latter is a protected discretionary act, *Foster v. Pearcy* (1979) 270 Ind. 553, 387 N.E.2d 446, 450, *cert. denied* (1980) 445 U.S. 960, 100 S.Ct. 1646, 64 L.Ed.2d 235, so too is the former. To the extent that *Adams v. Schneider* (1919) 71 Ind.App. 249, 124 N.E. 718, holds to the contrary, we reject that decision.

2. The Ayreses' argument that the Fire Department owed them a special or private duty is not addressed since this issue is only relevant to governmental entities or employees of governmental employees. We have held that the Fire Department is an independent contractor.

Indiana courts have considered the "private" or "special duty" issue in cases dealing with the provision of police services. *See e.g. Brinkman v. City of Indianapolis* (1967) 141 Ind.App. 662, 231 N.E.2d 169, 173, (seriously ill man who telephoned police for emergency transportation to hospital was negligently arrested for intoxication and died in jail); *Estate of Tanasijevich, supra,* 383 N.E.2d 1081, 1083–1085, (police informant's property damaged by gangs and vandals in retaliation for informant's cooperation with police where police knew or should have known retaliation was likely); see generally Annot. 46 A.L.R.3d 1084 (1972) and cases collected therein.

■ Ayreses have not directed us to any cases holding that the requisite special or private duty to a particular member of the public can be assumed by the government through the contractual third party beneficiary theory. Even were this so, it is clear that here the Trustee assumed no such duty. The contract entered into between the Trustee and the Fire Department was unequivocally for the benefit of the residents of Taylor Township as a whole. In no sense was this obligation particularized as to any single resident of the township.

The summary judgment for the Trustee is affirmed; the summary judgment for the Fire Department is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SHIELDS, J., concur.