**Steven E. IVANOVICH,**
**Plaintiff-Appellant,**

v.

**Officer John DOE, Gary Police Department, City of Gary and K–D Lounge,**
**Defendants-Appellees.**

**No. 64A03–8601–CV–26.**

Court of Appeals of Indiana,
Third District.

Nov. 13, 1986.

for Officer John Doe, Gary Police Dept. and City of Gary.

HOFFMAN, Judge.

Plaintiff-appellant Steven Ivanovich appeals the trial court's entry of summary judgment in favor of defendants-appellees Officer John Doe, Gary Police Department and the City of Gary [1] (collectively Gary).

The facts most favorable to Ivanovich's case disclose that Ivanovich was outside of the K–D Lounge in Gary, Indiana in an extremely intoxicated state on the evening of December 9, 1978. Ivanovich was approached by unidentified Gary police officers, and told to go home. After Ivanovich fell several times, one of the officers helped him to his feet and offered to drive him home. For reasons not readily apparent, the officer drove Ivanovich a few blocks from the lounge and left him alone outside in freezing weather.

Ivanovich instituted suit against the defendants for injuries he sustained from exposure to the inclement weather. His complaint alleged that the officer knew or should have known that Ivanovich, a minor at the time, was so extremely intoxicated that he was unable to care for himself. The complaint further alleged that the officer's failure to assist him violated 42 U.S.C. § 1983.

On appeal, Ivanovich raises three issues for review. As restated the issues are:

(1) whether the trial court's failure to apply the appropriate standard for a summary judgment requires reversal;

(2) whether the trial court erred in determining that Gary was not liable under a 42 U.S.C. § 1983 claim; and

(3) whether the trial court erred in finding that Gary did not owe Ivanovich a special duty as a matter of law.

The standard for reviewing summary judgments is well settled. Summary judgment is appropriate when no genuine issue of material fact is in dispute and the mov-

James A. Harris, Sachs and Hess, P.C., Hammond, for Steven E. Ivanovich.

James T. McNiece, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville,

---

**1.** Ivanovich's claim against a fourth defendant, K–D Lounge, was settled prior to summary judgment.

ing party is entitled to a judgment as a matter of law. *Tippecanoe San. Landfill v. Bd. of Cy. Com'rs* (1983), Ind.App., 455 N.E.2d 971, 974. This Court must determine whether the trial court properly applied the law. *Tippecanoe, supra.* In determining the propriety of a summary judgment, all facts established by the non-moving party must be taken as true, and any doubts should be resolved against the proponent of the motion. *Ingram v. Hook's Drugs, Inc.* (1985), Ind.App., 476 N.E.2d 881.

■ Ivanovich contends that the trial court's ruling that he failed to state a claim upon which relief could be granted is a fatal error in that it does not properly state the standard for granting summary judgment. While the language used by the court does appear to be incorrect, the appropriate standard, noted above, involves the same process of applying the facts to law. The court stated that it was accepting Ivanovich's facts as true and then applied those facts to the theories of recovery advanced by Ivanovich. Thus, the question is one of semantics and does not rise to the level of reversible error.

Next, Ivanovich claims that genuine issues of material fact exist as to the defendants' liability under 42 U.S.C. § 1983. The statute states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

42 U.S.C. § 1983 (1970).

■ To invoke the protection of § 1983 against a municipality, a plaintiff must demonstrate that a violation of his constitutional rights occurred and that the violative conduct implements some policy or custom sanctioned by the governmental body. *Monell v. Dept. of Soc. Serv. of City of N.Y.* (1978), 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036 [56 L.Ed.2d 611]; *Paul v. Davis* (1976), 424 U.S. 693, 696–697, 96 S.Ct. 1155, 1158 [47 L.Ed.2d 405]; *Ellsworth v. City of Racine* (7th Cir.1985), 774 F.2d 182, 184. The municipality may not be held liable on a theory of respondeat superior. *Monell, supra,* 436 U.S. at 691–692, 98 S.Ct. at 2036. Liability must be based upon some action by the governmental body which causes an employee to violate the rights of another. *Monell, supra.* A determination that either no constitutional right was violated or no governmental policy existed is fatal to a § 1983 claim against a municipality.

In the present case, Ivanovich did not claim in 1980 when he filed his complaint that a policy or custom of Gary caused a violation of his rights. In 1985, after ample opportunity for discovery, Gary filed a motion for summary judgment stating that no policy or custom existed. An affidavit by the chief of police stated in part:

"That the only policy that I am aware of which would be related in any way to an officer meeting an intoxicated person would be the fact that an officer is provided with a discretionary authority to effect an arrest for public intoxication should he feel that the circumstances warrant such an arrest."

The party opposing summary judgment must counter the proponent's evidence so as to establish a genuine issue of material fact. *Ind. & Mich. Elec. Co. v. Terre Haute Indus.* (1984), Ind.App., 467 N.E.2d 37, 42. The affidavit by the chief of police established that the only policy concerning intoxicated persons left discretion in police officers as to whether an arrest is warranted. Because the decision whether to arrest is discretionary, *see, Seymour Nat. Bank v. State* (1981), Ind., 422 N.E.2d 1223, modified on other grounds, 428 N.E.2d 203, appeal dismissed 457 U.S. 1127 [102 S.Ct.

2951, 73 L.Ed.2d 1344]; *see also, Sports, Inc. v. Gilbert* (1982), Ind.App., 431 N.E.2d 534, 539, conduct in accordance with that policy alone could not form the basis for a violation of a constitutional right. The onus was upon Ivanovich to submit counter-affidavits demonstrating the existence of a policy or custom violative of a constitutional right. *See, Strauss v. City of Chicago* (7th Cir.1985), 760 F.2d 765, 767 (while vagueness or lack of detail will not support dismissal, a lack of any facts underlying the claim justifies dismissal); *see also, Ellsworth, supra,* 774 F.2d at 184 (plaintiff need not set out detailed facts but must allege facts outlining cause of action). Ivanovich's motion in opposition did not include counter-affidavits or evidence particularizing the policy or custom under which his claim was made. The failure to submit any evidence of a policy or custom warrants summary judgment for Gary on Ivanovich's § 1983 claim.[2]

■ Finally, Ivanovich contends that the trial court erred in finding that the officer did not breach a special duty owed to Ivanovich. An individual cannot premise liability for an officer's negligent act on the duty owed to the general public; however, where a specific duty or a special relationship to the individual is found, the general rule may be abrogated. *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, 1187. This private or specific duty, as the name implies, is normally particularized as to an individual. *Food Fair*

v. *City of Evansville* (1971), 149 Ind.App. 387, 391, 272 N.E.2d 871, 874.

In *Food Fair, supra,* this Court found no special duty was owed to store owners who were forced out of business by a crime wave. Similarly, the failure by police to properly investigate a rape did not give rise to a special duty to a victim of the same rapist. *Crouch v. Hall* (1980), Ind.App., 406 N.E.2d 303, 305. Again no special duty was imposed in *City of Hammond v. Cataldi, supra,* 449 N.E.2d at 1187–1188 where the owners of a restaurant sued the city for negligence in fighting a fire which destroyed their business. This Court determined in *Cataldi, supra,* 449 N.E.2d at 1186, that the duty in no way differed from that owed to the general public.

In the present case Ivanovich alleged no facts which would demonstrate a duty which differed from that owed to the general public. Consequently, the trial court's judgment was not in error.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

**2.** The case relied upon by Ivanovich, *White v. Rochford* (7th Cir.1979), 592 F.2d 381, 384–386, addresses the question whether a due process violation occurred when police officers subjected children to inclement weather and the possibility of physical harm. While factually similar to the present case, the decision concerned the constitutional right involved in the § 1983 claim rather than the policy or custom aspect which is dispositive of Ivanovich's claim. Thus, the decision is inapposite to our discussion.