**Katherine J. WILLIS and Harold Willis, Appellants–Plaintiffs,**

v.

**WARREN TOWNSHIP FIRE DEPARTMENT, Appellee–Defendant.**

No. 49A04–9604–CV–141.

Court of Appeals of Indiana.

Nov. 19, 1996.

John P. Young, Young & Young, Indianapolis, for appellants–plaintiffs.

Michael K. Lulich, Lulich, Murphy & Dowling, Indianapolis, for appellee–defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs-Appellants Katherine J. Willis and Harold Willis (the Willises) appeal the trial court's grant of summary judgment in favor of Defendant–Appellee Warren Township Fire Department (the Fire Department).

We affirm.

### ISSUE

The Willises raise two issues for our review, which we consolidate and restate as: whether the Fire Department owed a private duty to the Willises.

### FACTS AND PROCEDURAL HISTORY

On May 22, 1992, at approximately 4:03 p.m., the Fire Department firefighters responded to a reported gasoline fire in the garage of the Willises' home. Upon arrival at the Willises' home, firefighters observed what appeared to be a localized fire in one-half of the garage. The firefighters attempted to extinguish the fire, and believing that they had succeeded, they left the garage approximately one hour after their arrival.

Later that evening, at approximately 8:15 p.m., the Fire Department was again called to respond to a reported fire at the Willises' home. The second fire was extinguished, and the Fire Department firefighters left the scene at 10:58 p.m.

On April 5, 1993, the Willises filed a complaint for damages, alleging that the Fire Department "negligently failed to completely extinguish the fire and the fire rekindled damaging the [Willises] home and personal property." (R. 3). The Fire Department answered, raising as an affirmative defense that the Fire Department was immune from liability under Ind.Code 34–4–16.5–3. The Willises filed a motion for summary judgment on the issue of the Fire Department's

immunity. The trial court concluded that the Fire Department was immune from liability; however, in *Willis v. Warren Township Fire Department*, 650 N.E.2d 321, 325–26 (Ind.Ct. App.1995), this court reversed the trial court on the basis that the Fire Department's decision to leave the Willises' home was an operational function which did not fall within the scope of statutory immunity. In deciding the case, we noted that immunity was the only issue presented on appeal and that "[n]o other issue concerning the viability of the Willises' negligence, such as duty, was presented...." *Id.* at 323, n. 1.

Upon remand to the trial court, the Fire Department filed a motion for summary judgment, alleging that, as a matter of law, it owed no private duty to the Willises. The trial court granted the Fire Department's motion. The Willises now appeal.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

■ In reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard applied by the trial court. *Miller v. Monsanto*, 626 N.E.2d 538, 541 (Ind.Ct.App.1993). Summary judgment is appropriate only if the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). We resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Terre Haute First National Bank v. Pacific Employers Insurance Co.*, 634 N.E.2d 1336, 1337 (Ind. Ct.App.1993). Once the moving party has sustained its burden of proving that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. *Shackelford v. Rice*, 659 N.E.2d 1142, 1145 (Ind.Ct.App.1996), *transfer denied.* A grant of summary judgment must be affirmed where the final result is correct, even if the judgment was rendered on a different theory than the one adopted by this court. *Ramon v. Glenroy Construction Co., Inc.*, 609 N.E.2d 1123, 1128 (Ind.Ct.App.1993), *trans. denied.*

## EXISTENCE OF A PRIVATE DUTY

The finding of an absence of statutory immunity in our previous opinion does not necessarily result in a legally cognizable claim of negligence. *See Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 283 (Ind.1994). To succeed in a negligence action, the plaintiff must establish: (1) a duty on the part of the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiffs; (2) a failure of the defendant to conform its conduct to that standard; and (3) an injury proximately caused by the breach of duty. *Id.*

■ The existence of duty is normally a question of law for the court. *Id.* In determining whether a duty exists, the court balances three factors: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) the public policy concerns. *Id.* (citing *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991)). In order to recover against a governmental entity for negligence, the plaintiff must show more than a duty owed to the public as a whole. *Greathouse v. Armstrong*, 616 N.E.2d 364, 368 (Ind.1993). Liability of a governmental entity will not be found unless the relationship between the parties is one that gives rise to a special or private duty owed to the plaintiffs. *Id.*

■ In its motion for summary judgment, the Fire Department relied on *City of Hammond v. Cataldi*, 449 N.E.2d 1184 (Ind.Ct. App.1983). In *Cataldi*, we held that a fire department's "attempt to extinguish [a] fire [is] made in response to its general duty to protect the safety and welfare of the public." 449 N.E.2d at 1188. We further held that a special or private duty is not created if the department's duty is "in no way different from its duty to any other citizen." *Id.*

In the present case, the Fire Department designated evidence to establish that its firefighters immediately responded to the reported fire. The firefighters followed their normal procedure for extinguishing a fire

and they stayed at the scene until they believed the fire was extinguished. The Fire Department designated further evidence to establish that Lieutenant Baker, a member of the firefighting team, followed procedure in advising the Willises that they needed "to check the fire area to guard against possible reignition." (R. 48). Through its motion for summary judgment, its brief in support of the motion, and designated evidence, the Fire Department established that its attempt to extinguish the fire at the Willises was a part of its general duty to the public.

In response to the Fire Department's motion, the Willises designated evidence showing that Mrs. Willis was concerned that the fire was not completely extinguished when she touched a garage wall and felt heat. The Willises designated additional evidence indicating that the firefighters did not share her concern because they believed the fire to be completely extinguished. The Willises now argue that the firefighters' "assurances" created a duty different than the duty owed to the public at large and that the Willises' reliance on the assurances caused them to relax their vigilance.

The Willises' response to the Fire Department's motion for summary judgment does not establish that a private duty existed. As a part of their duty to the public, firefighters follow established procedures to insure that fires are extinguished. These procedures, and the firefighters' dedication to the common good, necessarily instil confidence in both the public and individual parties affected by a particular fire. Something more must be present to establish that a special or private duty has been created which would allow recovery by individual plaintiffs. There is nothing more in the present case.[1] Accordingly, the trial court was correct as a matter of law in granting summary judgment for the Fire Department.

The Willises contend that the four part test adopted by this court in *City of Gary v. Odie*, 638 N.E.2d 1326, 1332–33 (Ind.Ct.App. 1994) (adopting a test set forth in *Cuffy v. City of New York*, 69 N.Y.2d 255, 260, 513 N.Y.S.2d 372, 375, 505 N.E.2d 937, 940 (1987)), should apply in the present case.

The test, which was later modified by our supreme court in *Mullin*, 639 N.E.2d at 284 (adopting the three part test set forth in *City of Rome v. Jordan*, 263 Ga. 26, 426 S.E.2d 861, 863 (1993)), is limited in application to cases in which a government's promise and subsequent failure to act causes the plaintiff's losses. *See Henshilwood v. Hendricks County*, 653 N.E.2d 1062, 1067 (Ind.Ct.App. 1995), *trans. denied.* The test is not applicable where, as here, the government did respond to the plaintiffs' request for assistance.

### CONCLUSION

The trial court's grant of summary judgment was correct. The Fire Department did not owe a private duty to the Willises.

Affirmed.

CHEZEM, J., concurs.

STATON, J., concurs with separate opinion.

STATON, Judge, concurring.

I concur, and take this opportunity to highlight the limited nature of the public/private duty analysis contained in *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278 (Ind.1994).

In *Mullin* our supreme court adopted a three part test to determine whether a governmental agency owes a private duty to a particular plaintiff, as opposed to a duty to the public generally. The court held that there will be a private duty imposed on the government only where each of three elements are present:

(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of the injured party;

(2) knowledge on the part of the municipality that inaction could lead to harm; and

(3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking.

*Mullin, supra*, at 284. The court explained further that "the relationship between the

---

1. There are disputed facts; however, there are no disputed material facts.

governmental entity and the injured person must be such that the governmental entity has induced the injured person justifiably to rely on its taking action for the benefit of that particular person to his detriment." *Id.* The underlying rational for imposing a duty on the government in such a situation is that "where the governmental entity is aware of the plight of a particular individual and leads that person to believe that governmental rescue services will be used, and the individual detrimentally relies on that promise, it would be unfair to leave that individual worse off than if the individual had not sought assistance from the government at all." *Id.* at 284–85.

Application of the public/private duty analysis of *Mullin* is limited to situations of the government's failure to act. *Henshilwood v. Hendricks County,* 653 N.E.2d 1062, 1067 (Ind.Ct.App.1995), *trans. denied.* More specifically, *Mullin* has been used only in the context of the failure of emergency services to respond to a calamity. *See Koher v. Dial,* 653 N.E.2d 524 (Ind.Ct.App.1995), *reh. denied, trans. denied* (heart attack victim waiting for an ambulance); *Plummer v. Bd. of Com'rs of St. Joseph,* 653 N.E.2d 519 (Ind.Ct. App.1995), *trans. denied* (drowning child awaiting rescue by lifeguards).

In this case, *Mullin* is inapplicable because the Willises do not allege that they suffered an injury due to inaction by the Warren Township Fire Department ("WTFD"), a municipal emergency service. The Willises misdirect their application of *Mullin,* attempting to use *Mullin* to establish a duty to extinguish a fire in a non-negligent manner, as opposed to using *Mullin* to measure whether a duty existed to respond to a fire by dispatching firefighting units to the Willis' home. Whether the WTFD had a duty to extinguish the fire in a non-negligent manner is the dispute in this case. *Mullin,* however, applies only to the separate question of what duty a governmental agency might have to dispatch emergency services to the scene of a calamity. As that question has no bearing on this case, neither does *Mullin.*